## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITY OF PHILADELPHIA,<br><br>Plaintiff,<br><br>v.<br><br>DOUG BURGUM, SECRETARY OF THE INTERIOR,<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>JESSICA BOWRON, ACTING DIRECTOR OF THE NATIONAL PARK SERVICE,<br><br>and<br><br>NATIONAL PARK SERVICE, UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | **Civil Action No. 2:26-cv-434**<br><br>Honorable Cynthia M. Rufe |

**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE ON BEHALF OF AVENGING THE ANCESTORS COALITION AND THE BLACK JOURNEY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO PERMIT AMICI TO PRESENT TESTIMONY DURING THE HEARING**

### I.   INTRODUCTION

Avenging the Ancestors Coalition ("ATAC") and The Black Journey, (collectively, "Prospective Amici"), hereby seek leave from this Honorable Court to file the attached brief as amici curiae in support of the City of Philadelphia's Motion for Preliminary Injunction (ECF 2) (the "Motion"). No party's counsel has authored this brief in whole or in part and no person or entity, other than Prospective Amici or their counsel, has made a monetary contribution to the preparation or submission of this brief. For the reasons set forth herein, Prospective Amici respectfully ask this Court to grant their motion and to permit amici to present key testimony during

the hearing. Amici seek to present the testimony of Michael Coard, founder of ATAC, on the history and purpose of the President's House Exhibit and the harm of its removal.

### A.     Prospective Amici

Prospective Amici are organizations with distinct interests in preserving the truthful depiction of American history and combatting attempts to erase the legacy of slavery from national memory. ATAC was directly involved in the creation of the President's House Exhibit and the Black Journey is continually involved in its ongoing preservation and use. Prospective Amici directly represent the interests of Black community organizations whose history and representation are at stake. Thus, Prospective Amici have a substantial interest in this litigation and provide unique perspective and testimony on the potential impact of its outcome.

**Avenging the Ancestors Coalition ("ATAC")** assembled in 2002 following the archaeological discovery of the quarters where President George Washington held nine Black children, women, and men in slavery at the nation's first White House. Its membership includes historians, attorneys, concerned citizens, elected officials, religious leaders, journalists, community activists, and registered voters. Beginning in 2002, ATAC was the first to request that the National Park Service ("NPS") acknowledge the newly discovered historical evidence about the enslaved people President Washington held captive at the President's House. Prior to the project's completion in 2010, ATAC collected thousands of signatures in support of the memorial, organized protests, produced educational materials, and partnered with the City of Philadelphia ("the City") and NPS to ensure that enslaved lives were depicted accurately. ATAC was a key stakeholder that participated in the selection process for the Exhibit's design. ATAC members regularly visit the President's House Exhibit and rely on the panels that were removed to educate the public about this history and as a cultural space to experience ancestral memory. Since the site

has been under threat of removal, ATAC has spent tremendous time and resources advocating for its protection.

**The Black Journey** is a walking tour company, founded in 2019 to highlight the frequently overlooked Black history of Philadelphia and the early United States. Its tour guides provide robust historical education to people of all national origins and identities—offering tours to individuals, families, schools, and more. Philadelphians and visitors from all over the globe embark on these tours to gain a perspective of the city. Multiple tours—including The Original Black History tour and the Revolutionary Philadelphia Tour—visit the President's House Exhibit, with some tours even commencing at the site itself. Since the site has been removed, the Black Journey can no longer provide tourists with a fully accurate depiction of the history that took place on the grounds of the nation's first Executive Mansion.  In addition, the Black Journey Tour will have to spend tremendous time and resources to redesign its tours.

### B.    Legal Standard

A motion for leave to appear as amici curiae should be granted when "amici have a sufficient 'interest' in the case [and] their brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case . . . .'" *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 129 (3d Cir. 2002) (citing Fed. R. App. Proc. 29(b)). Prospective Amici need not prove that they are "unrepresented or inadequately represented" by the existing parties in litigation. *Id.* at 132. Instead, district courts have "broad discretion" to permit amici to participate in litigation. *Waste Mgmt., Inc., v. City of New York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (citations omitted). As articulated by the Third Circuit, "permitting persons to appear as friends of the court may be advisable where third parties can contribute to the court's understanding" of the issues presented by litigation. *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987).

More specifically, courts in this Circuit have granted leave to file as amici when "(1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (quoting *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999)). The Prospective Amici in the instant case satisfy these standards.

## II.    REASONS WHY THE MOTION SHOULD BE GRANTED

The Court should exercise its discretion to permit Prospective Amici to appear in this litigation, both to file the attached amicus brief and to present evidence at the scheduled hearing on the City's motion for preliminary injunction. Prospective Amici meet all the indicia of amicus curiae status—they possess special interests in the case; such interests are not directly represented by existing parties; the proposed brief is timely and provides useful information; and they act as a friend of the Court, rather than being partial to any one party.

### A.    Prospective Amici have a special interest in the case.

While Prospective Amici presently seek the same relief as Plaintiff, they possess special interests in this litigation that are not encompassed in Plaintiff's presentation of their Administrative Procedure Act claims. A party may have a "special interest" in a proceeding when their interest is particularized—as opposed to a general interest in the outcome in the case. *See, e.g.*, *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (finding an organization had "a 'special interest' in ensuring that the rights of nonparty, non-disabled section 8 tenants [were] represented in the litigation"); *Waste Mgmt.*, 162 F.R.D. at 37 (finding that the Environmental Protection Agency had a special interest because it was "responsible for administering and enforcing" the statute

governing the action and responsible for the administrative order at issue). *Cf. Panzer v. Verde Energy USA, Inc.*, 2021 U.S. Dist. LEXIS 100996, No. 19-3598 at *4 (E.D. Pa. May 27, 2021) (finding a public interest law firm whose stated interest was "preserving access to justice through class actions" had no special interest justifying amicus status).

Importantly, Prospective Amici have a direct interest in preserving the truthful representation of Black history. The President's House Exhibit was born of ATAC and other community organizations' work in collaboration with the City and National Park Service to ensure public recognition of the nine Black people who were held in slavery at the President's House. ATAC has a significant interest in preserving a site that is an outgrowth of its members' grassroots advocacy. ATAC was founded expressly to advocate for creation of the President's House exhibit, and its sustained advocacy from 2002 was instrumental to its realization in December 2010.

The Black Journey's business depends on access to historically accurate Black history and relies on the President's House Exhibit for public education during their tours. The Black Journey educates about the Philadelphia abolition movement. Founder of Mother Bethel African Methodist Episcopal Church, Bishop Richard Allen, is featured in the panels at the President's House. The panels taught that at the time of George Washington's death, whose will provided for the manumission of his slaves, Allen preached a eulogy for Washington that advocated the abolition of slavery. Working with Reverand Absalom Jones, founder of The African Episcopal Church of St. Thomas, Allen petitioned Congress in 1799 to end the African slave trade and to take action to emancipate Black people who remained in bondage. The story of Allen and Jones is tied to the Philadelphia abolitionist movement and is a critical element of The Black Journey's tour.

The Black Journey has an interest in maintaining programming that takes place on the President's House grounds. Richard Allen was formerly enslaved, but after purchasing his freedom

worked as a chimney sweep in Philadelphia and had the Washington household as a customer. In fact, Richard Allen serviced the Executive Mansion within a month of Ona Judge's escape from the Washington household. These stories come to life at the President's House, illustrating the complex relationship between revolutionary ideals and enslavement. Removal of the exhibit fundamentally alters The Black Journey's operations, requiring them to divert resources to rewrite tour scripts and routes.

Notably, the removal also implicates specific constitutional interests of Prospective Amici and the public at large, including their rights under the Equal Protection Clause as incorporated under the Fifth Amendment. Prospective Amici share a collective interest in combating attempts to erase slavery from national memory and protecting the inclusion of Black American history in Philadelphia—one of the nation's oldest cities and the birthplace of American democracy.

**B.    Representation of Prospective Amici's interests is inadequate.**

Prospective Amici's participation as amici curiae is further warranted because no party directly represents the interests of the individuals and organizations that stand to be impacted by the disposition of this action. This Circuit has recognized that "[e]ven when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology*, 293 F.3d at 132.

Here, the proposed amicus brief provides critical background information necessary to understand the historical and contemporary significance of the President's House Exhibit and the harm of its removal; Prospective Amici are community organizations and entities whose involvement was critical to the process of establishing the President's House exhibit and whose work depends on its preservation; and Prospective Amici expand on constitutional implications not raised in the existing claims. And, importantly, while Prospective Amici appreciate the parties'

advocacy, those parties do not directly represent the interests of Black community organizations whose history, identity and representation are at stake.

### C.    The proposed amicus brief is timely and provides information that is useful.

Prospective Amici seek to provide *timely* and *useful* information about the impact of the underlying litigation. The brief is timely, as it was filed a mere five days after the City's Motion for a Preliminary Injunction. Additionally, the brief seeks to provide useful information—perspective on non-parties that "will aid the Court in its understanding of the issues before it." *Avellino v. Herron*, 991 F. Supp. 730, 732 (E.D. Pa. 1998); *see also Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (granting amicus status to a party who provided information that was "useful concerning the rights of nonparties who are affected by [the] litigation").

In cases concerning executive action that may implicate rights of the general public, courts often allow organizations with relevant expertise to join as amici. *See, e.g.*, *City of Columbus v. Cochran*, 523 F. Supp. 3d 731, 740 (D. Md. 2021) (granting various nonprofit and identity-based organizations working on poverty and reproductive rights issues leave to file an amicus brief in a case challenging executive actions under the Administrative Procedure Act); *Legacy Church, Inc. v. Kunkel*, 472 F. Supp. 3d 926, 936 (D.N.M. 2020) (granting leave to a religious liberty organization in a case challenging public health orders due to its expertise on First Amendment law). These organizations can "supplement and assist in cases of general public interest, supplement the efforts of counsel, and draw the court's attention to law that might otherwise escape consideration," making their insight particularly useful. *Sciotto ex rel. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 554 (E.D. Pa. 1999) (citations omitted).

Counsel for Prospective Amici are aware of the arguments presented by the Plaintiff and

will not make unduly duplicative arguments. Rather, the proposed brief—grounded in Amici's unique personal knowledge, testimony, and experiences with the President's House—will assist the Court in resolving the preliminary injunction by testifying to the site's historical and contemporary significance, its importance to Philadelphia residents and visitors alike, and the urgent need for the return and restoration of the panels, as well as the Equal Protection interests implicated by its continued removal.

> **D.    Prospective Amici are not partial to either party and instead seek to provide necessary information for the Court's decision.**

While partiality is one factor in deciding whether to allow participation as amicus curiae, "there is no rule that amici must be totally disinterested." *Waste Mgmt.*, 162 F.R.D. at 36. Indeed, "strong (but fair) advocacy . . . promotes sound decisionmaking." *Neonatology*, 293 F.3d at 131. Hence, "an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Id*.

Here, Prospective Amici are not partial to either party. Rather, because this case implicates issues central to their organizations' missions and members, Prospective Amici seek to assist the Court by providing critical context regarding the President's House's historical and contemporary significance and its role in ensuring accurate representations of our nation's history.

## CERTIFICATE OF CONFERRAL

Counsel for Prospective Amici have conferred with counsel for the parties. Plaintiff consent to this motion. Defendants do not oppose the motion.

## CONCLUSION

For the foregoing reasons, Prospective Amici respectfully request that the Court grant leave to file the accompanying amicus brief in support of Plaintiff's motion for a preliminary injunction (ECF 2) and to present testimony during the hearing. *See, e.g.*, *Avellino v. Herron*, 991 F. Supp.

730, 732 (E.D. Pa. 1998) (noting the Eastern District of Pennsylvania instructs that "[a] district court has inherent authority to allow amicus curiae to participate in proceedings."). Prospective Amici's participation in the preliminary injunction hearing will provide timely and useful information on the purpose of the President's House Exhibit and the harm Amici experience as a result its removal.

Dated: January 27, 2026                    Respectfully submitted,

                                           */s/ Cara McClellan*
                                           Cara McClellan
                                           Attorney ID: 331129
                                           Mary Catherine Roper
                                           Attorney ID: 71107
                                           Kate McNamara-Marsland
                                           *(Certified Legal Intern Application forthcoming)*
                                           Nathalie Rincon
                                           *(Certified Legal Intern Application forthcoming)*
                                           Penn Legal Assistance Office
                                           3501 Sansom Street
                                           Philadelphia, PA 19104
                                           (215) 746-2164
                                           caralm@law.upenn.edu

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 27, 2026, I caused the foregoing document to be filed with the Clerk of Court via CM/ECF. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Cara McClellan*
Cara McClellan