

**U.S. Department of Justice**

United States Attorney

Eastern District of Pennsylvania

---

**Gregory B. in den Berken**
Assistant United States Attorney
Phone:    (215) 861-8505
Fax:      (215) 861-8618
Email:    gregory.indenberken@usdoj.gov

615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-4476
(215) 861-8200

January 28, 2026

**VIA CM/ECF**

The Honorable Cynthia M. Rufe
United States District Court
  for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 12614
Philadelphia, PA 19106

      Re:    <u>City of Philadelphia v. Burgum</u>, No. 26-cv-434 (E.D. Pa.)

Dear Judge Rufe:

      I write on behalf of Defendants in the above-captioned case to address the motion filed last evening by amici Avenging the Ancestors Coalition (ATAC) and The Black Journey (TBJ) (ECF No. 19). Given the expedited schedule in this matter, Defendants submit this letter in lieu of a formal brief to correct the record and note their partial opposition.

      ATAC and TBJ's motion requests permission to (1) file a brief in support of the City of Philadelphia's motion for a preliminary injunction, and (2) present testimony from ATAC's founder, Michael Coard, at Friday's hearing.[1] The motion also represents that "Counsel for Prospective Amici have conferred with counsel for the parties. Plaintiff consent to this motion. Defendants do not oppose the motion." ECF No. 19 at 9. That representation is inaccurate: ATAC and TBJ's counsel has not conferred with Defendants' counsel, and Defendants oppose their request to present testimony.

      Yesterday morning, counsel for the City contacted Defendants' counsel and shared that the City had been asked whether the parties objected to ATAC and TBJ "appearing as amici." The City's counsel asked Defendants' position on this request and said that they would "relay that to counsel." Defendants do not object to ATAC and TBJ appearing as amici—or to their submission of a brief—and thus informed the City's

---

    [1]    Shortly before this letter was filed, the Court granted ATAC and TBJ's request to file an amicus brief but deferred ruling on their request to present testimony subject to an offer of proof. *See* ECF No. 24.

January 28, 2026
Page 2

counsel that Defendants did not object. But Defendants were not informed that ATAC and TBJ would also move for permission to present testimony. And Defendants do object to that request.

ATAC and TBJ's request to present testimony is inconsistent with the traditional role of an amicus and would unduly interfere with these proceedings. An amicus "is not a party to litigation" and "[c]ourts have rarely given party prerogatives to those not formal parties." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1983); *see United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991) (noting that "amicus has been consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy in a totally adversarial fashion"). Instead, amici are generally permitted to file briefs, "making suggestions to the court, by providing supplementary assistance to existing counsel, and by[e]nsuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991) (citation omitted).

In their motion, ATAC and TBJ assert that they seek to present testimony to provide "information on the purpose of the President's House Exhibit and the harm Amici experience as a result its removal." ECF No. 19 at 2, 9. But this is a case under the Administrative Procedure Act and principally involves questions of law. To be sure, some facts may be relevant for purposes of the City's motion for a preliminary injunction. But neither ATAC and TBJ's understanding of the purpose of the President's House Exhibit nor their asserted harm bears on the legal issues in this case. And they are not relevant—legally or factually—to the City's motion either.

Although the Court has broad discretion to permit amicus participation, "an amicus who argues facts should rarely be welcomed." *Linker v. Custom-Bilt Mach. Inc.*, 594 F. Supp. 894, 897-98 (E.D. Pa. 1984) (quoting *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)); *see also Palladino v. Corbett*, No. 13-cv-5641, 2014 WL 830046, at *7 (E.D. Pa. Mar. 4, 2014) (observing that "factual assistance" from an amici "is disfavored"). Courts thus routinely reject amicus briefs or submissions that seek to introduce new evidence or facts. *See, e.g., Sierra Club v. FEMA*, No. 07-cv-608, 2007 WL 3472851, at *3 (S.D. Tex. Nov. 14, 2007) (denying participation by proposed amicus who sought to "litigate fact issues"); *State of New York v. Microsoft Corp.*, No. 98-cv-1233, 2002 WL 31628215, at *1 (D.D.C. Nov. 14, 2002) (consideration of proposed amici's submissions would "likely [be] improper" because they did not address "issues of law, but instead offer[ed] factual information" about "the substantive issue of remedy"). ATAC and TBJ's request to offer testimony here—purely factual material—should similarly be denied.

\*       \*       \*

ATAC and TBJ's request to present testimony is inconsistent with the role of an amicus and would be prejudicial to the efficient resolution of this case. Defendants thus ask that the Court deny their request to present testimony at Friday's hearing.

January 28, 2026
Page 3

                                      Respectfully submitted,

                                      DAVID METCALF
                                      United States Attorney

                                      GREGORY B. DAVID
                                      Chief, Civil Division
                                      Assistant United States Attorney

                                      */s/ Gregory B. in den Berken*
                                      GREGORY B. IN DEN BERKEN
                                      Assistant United States Attorney

                                      *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on January 28, 2026, a true and correct copy of Defendants' foregoing Letter Opposition was filed electronically via the Court's CM/ECF system and served via CM/ECF on all counsel of record.

                                                              */s/ Gregory B. in den Berken*
                                                              GREGORY B. IN DEN BERKEN