

Penn Legal Assistance Office
Gittis Legal Clinics
3501 Sansom Street
Philadelphia, PA 19104
Tel.  215.898.8427  Fax 215.573.6783

January 30, 2026

<u>**VIA CM/ECF**</u>

The Honorable Cynthia M. Rufe
United States District Court
  for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      Re:    <u>*City of Philadelphia v. Burgum, et al.*, **No. 2:26-cv-434 (E.D. Pa.)**</u>

Dear Judge Rufe,

      Counsel for Amici Avenging the Ancestors Coalition ("ATAC") and The Black Journey LLC, respectfully submit this brief response to Defendant's January 28, 2026 Letter. ECF No. 26. Courts have often used the broad discretion afforded them when considering amicus status to allow amici to participate at a hearing. *See Wharton v. Vaughn*, No. CV 01-6049, 2020 WL 733107, *5 (E.D. Pa. Feb. 12, 2020) (permitting amicus Attorney General to participate in the hearing and call witnesses) (citing cases including *Angel Flight of Georgia, Inc. v. Angel Flight America, Inc*., 272 F. App'x 817, 818 (11th Cir. 2008) (court permitted amici curiae to participate in injunction hearing); *Wyatt By and Through Rawlins v. Hanan*, 868 F. Supp. 1356, 1360 (M.D. Ala. 1994) (court permitted the federal government to participate "fully in trial, including examining witnesses and presenting its own witnesses"). In *Liberty Resources, Inc. v. Philadelphia Housing Authority,* 395 F. Supp. 2d 206 (E.D. Pa. 2005), the court specifically recognized what other courts have termed "amicus 'plus'" status, in which amicus receive the right to more fully participate in proceedings. *Id.* at 210. *See also Students for Fair Admissions, Inc. v. President and Fellows of Harvard College,* 807 F.3d 472, 478 n.3 (1st Cir. 2015) (amicus granted the right to participate in oral argument on motions and submit evidence through declarations or affidavits). Moreover, courts have found the participation of an amicus particularly appropriate where the amicus will ensure "complete and plenary presentation of difficult issues so that the court may reach a proper decision," *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 307 (D. Me. 2003) (quoting *Alexander v. Hall,* 64 F.R.D. 152, 155 (D.S.C. 1974)), and where the issue is of general public interest, *see Russell v. Bd. of Plumbing Examiners of the County of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y.1999) ( "[a] court can allow *amici* to call their own witnesses and cross examine the witnesses of other parties"), *aff'd*, 1 F. App'x 38 (2d Cir. 2001).

January 30, 2026
Page 2

      Here, Mr. Coard can offer noncumulative firsthand testimony that is directly relevant to the claims at issue in this matter that is of public interest. *See* ECF No. 28 (Amici's Offer of Proof). For these reasons, this Court should exercise its discretion to allow Mr. Coard's testimony.

Dated: January 30, 2026　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Cara McClellan*
　　　　　　　　　　　　　　　　　　　　Cara McClellan
　　　　　　　　　　　　　　　　　　　　Attorney ID: 331129
　　　　　　　　　　　　　　　　　　　　Mary Catherine Roper
　　　　　　　　　　　　　　　　　　　　Attorney ID: 71107
　　　　　　　　　　　　　　　　　　　　Kate McNamara-Marsland
　　　　　　　　　　　　　　　　　　　　 *(Certified Legal Intern Application forthcoming)*
　　　　　　　　　　　　　　　　　　　　Nathalie Rincon
　　　　　　　　　　　　　　　　　　　　*(Certified Legal Intern Application forthcoming)*
　　　　　　　　　　　　　　　　　　　　Penn Legal Assistance Office
　　　　　　　　　　　　　　　　　　　　3501 Sansom Street
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19104
　　　　　　　　　　　　　　　　　　　　(215) 746-2164
　　　　　　　　　　　　　　　　　　　　caralm@law.upenn.edu

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 30, 2026, I caused the foregoing document to be filed with the Clerk of Court via CM/ECF. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                          */s/ Cara McClellan*
                                          Cara McClellan