**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:

Next-Friend Petition of the Philadelphia Reparations Coalition for American Freedmen on behalf of the Descendant Class of American Freedmen in Philadelphia

Case No. 2:26-cv-00434 Filed 01/22/26

## NEXT-FRIEND PETITION AND MOTION TO INTERVENE

Petitioner, the **Philadelphia Reparations Coalition for American Freedmen ("PRC")**, respectfully submits this Next-Friend Petition on behalf of the Progeny of Persons Emancipated from Slavery i.e. American Freedmen in Philadelphia ("Descendant Class"), seeking leave to intervene in the City of Philadelphia's challenge to the federal order directing removal or suppression of the President's House slavery exhibit.

## I. INTRODUCTION

This petition seeks recognition of the PRC as **next friend** for the Descendant Class, whose 13th Amendment-based legal interests are directly and uniquely harmed by the federal order at issue. The Descendant Class cannot appear on its own due to structural, legal, and historical disabilities rooted in the federal government's failure to appoint a fiduciary or representative for Freedmen beneficiaries since 1872. The PRC satisfies the Supreme Court's requirements for next-friend standing and seeks to intervene to protect the Descendant Class's constitutional and statutory interests. [1]

---

[1] The removal of the slavery exhibit at the President's House is not just a historical dispute — it is a constitutional injury. That exhibit told the truth about the nine enslaved Africans held by George Washington on this very ground. When federal authorities dismantled it under a directive calling truthful accounts of slavery "divisive" or "corrosive," they revived a pattern that the Thirteenth Amendment was written to end. **The framers of that Amendment understood that slavery did not survive only through chains, but through the suppression of truth** — through laws and policies that kept the formerly enslaved and their descendants invisible, voiceless, and **excluded from public memory.**

## II. JURISDICTION

Jurisdiction is proper under:

- **28 U.S.C. § 1331** (federal question)
- **28 U.S.C. § 1361** (mandamus)
- **28 U.S.C. § 2201–2202** (declaratory and injunctive relief)
- **U.S. Const. amend. XIII, § 2** (enforcement authority)

## III. NEXT-FRIEND STANDING

The Supreme Court's controlling standard is **Whitmore v. Arkansas, 495 U.S. 149 (1990)**. A next friend must show:

1. **The real party in interest cannot litigate on their own**, due to incapacity, inaccessibility, or other disability.
2. **The next friend is truly dedicated to the best interests of the real party** and has a significant relationship.

The PRC satisfies both prongs.

## IV. THE REAL PARTY IN INTEREST: THE DESCENDANT CLASS

The Descendant Class consists of lineal descendants of enslaved persons emancipated by the Thirteenth Amendment and historically served by the Freedmen's Bureau and Freedmen's Bank. Their interests are directly harmed by the federal order because:

- It erases federal recognition of enslaved persons at the President's House site.
- It undermines the evidentiary foundation for Reconstruction-based claims.
- It impairs the Class's ability to vindicate rights under the Thirteenth Amendment's badges-and-incidents doctrine.

This is a **13th Amendment-specific injury**, not a generalized grievance. The federal and state governments replaced the legally defined class — "freedmen and their descendants" — with racial categories like "Black," "Negro," "African American" "minority," "people of color," or "disadvantaged." This creates a structural disability because:

- The intended beneficiaries cannot be identified.
- The trust corpus cannot be distributed

- The government cannot be held accountable.
- Non-beneficiaries are included while beneficiaries are excluded

This is a classic administrative misclassification injury, analogous to <u>Navajo Nation v. United States</u>, where the government's failure to administer a trust for the correct beneficiaries constituted a breach.

## V. INABILITY OF THE DESCENDANT CLASS TO LITIGATE

Under **Whitmore**, inability may arise from structural or practical barriers, not only mental incapacity.

Federal courts have recognized such disabilities:

- **Hamdi v. Rumsfeld, 294 F.3d 598 (4th Cir. 2002)** — next-friend standing allowed where the detainee was **incommunicado** and unable to access the courts.
- **Does v. Bush, 2006 WL 3096685 (D.D.C. 2006)** — next-friend standing allowed where detainees lacked access to counsel or a representative.
- **In re Zettlemoyer, 53 F.3d 24 (3d Cir. 1995)** — structural inability can satisfy Whitmore if clearly demonstrated.

The Descendant Class is **structurally disabled**[2] because:

- The federal government has never appointed the fiduciary required under the **Freedmen's Bureau Act of 1865**.
- The Class lacks a recognized representative capable of asserting collective 13th Amendment-based injury.
- Individual descendants cannot practically appear to vindicate the collective harm.

This satisfies Whitmore's first prong.

## VI. PRC'S RELATIONSHIP AND DEDICATION

The PRC satisfies Whitmore's second prong:

- It is a **13th Amendment-based organization** dedicated to the rights of American Freedmen.
- It has been recognized by the **Philadelphia City Council (Resolution 250781)** as the advisory body for Freedmen affairs.[2]

---

[2] A structural disability is a condition in which a group is systematically prevented from accessing the institutional mechanisms necessary to exercise a constitutional or statutory entitlement.

- It has a **direct, mission-specific relationship** with the Descendant Class. • It is uniquely positioned to articulate the Class's constitutional and historical interests.

This is precisely the type of "significant relationship" required by **Whitmore** and absent in cases rejecting next-friend petitions, such as **Coalition of Clergy v. Bush, 310 F.3d 1153 (9th Cir. 2002)**.

## VII. INDEPENDENT INJURY TO THE DESCENDANT CLASS

The federal order causes a **distinct, 13th Amendment-specific injury**:

- It erases federal acknowledgment of enslaved persons whose labor built the early Republic.
- It undermines the historical record necessary for **Thirteenth Amendment enforcement**.
- It impairs the Descendant Class's ability to assert claims grounded in Reconstruction-era trust obligations.

Federal courts recognize **structural injury** to sovereign or quasi-sovereign interests. See **Massachusetts v. EPA, 549 U.S. 497 (2007)**. Here, the Descendant Class's injury is even more direct: it strikes at the core of their constitutional identity and historical record.

## VIII. FEDERAL TRUST OBLIGATIONS – INSTITUTIONAL ORPHANING

The federal government's duties under the Freedmen's Bureau Act and related Reconstruction statutes create a **trust relationship** analogous to those recognized in:

- **United States v. Mitchell, 463 U.S. 206 (1983)**
- **United States v. Navajo Nation, 537 U.S. 488 (2003)**

The failure to maintain historical records essential to trust administration constitutes a breach of fiduciary duty. The 39th Congress created a **trust architecture** for the freed population:

- Freedmen's Bureau *(Freedmen's Bureau Act of 1865)*
- Freedmen's Savings Bank & Trust Company *(Freedmen's Bank Act of 1865)*
- Bureau-supervised land programs
- Education and labor protections

- Freedmen settlements, Villages & Towns[3]
- Enforcement mechanisms under the 13th Amendment

When these institutions were prematurely dismantled, the Descendant Class became **institutionally orphaned** — a legally recognized harm in trust doctrine.

## IX. RELIEF REQUESTED

The PRC, as next friend for the Descendant Class, seeks:

1. **Recognition as next friend** under *Whitmore*.
2. **Leave to intervene** in the City's lawsuit.
3. **Declaratory judgment** that the federal order violates the Descendant Class's constitutional and statutory rights.
4. **Injunctive relief** preventing removal, suppression, or alteration of the President's House slavery exhibit.
5. **Preservation of all historical materials** relevant to the Descendant Class's

---

[3] **General Order No. 1 (1865) – Commissioner O.O. Howard.** This foundational order instructed Bureau officers to:

- Organize freed people into **"colonies" and "settlements"**
- Provide **protection, rations, and supervision**
- Establish **local governance structures** where needed

**Circular No. 10 (May 30, 1865)** This order directed assistant commissioners to:

- **Lay out settlements** for freed people
- Assign abandoned or confiscated land
- Establish **schools, churches, and community institutions** within those settlements

**Circular No. 13 (July 28, 1865)** This order authorized:

- **40-acre land allocations**
- The creation of **organized communities** of Freedmen on those lands
- Bureau supervision of those communities

**Circular No. 21 (1865)** This order instructed Bureau officers to:

- **Create and regulate Freedmen villages** on abandoned lands
- Provide **law enforcement, courts, and labor protections** within those villages

This is one of the strongest pieces of evidence that the Bureau was not just distributing land — it was **building towns with governance structures**.

Reconstruction-based claims.

## X. CONCLUSION

The PRC satisfies the Supreme Court's requirements for next-friend standing and is uniquely positioned to protect the Descendant Class's 13th Amendment-based constitutional interests. The Court should grant this petition and permit intervention.

Respectfully submitted,

**Philadelphia Reparations Coalition for American Freedmen**

X _(signature)_

Anthony Dickerson, Pro Se
Chief Compliance Officer

Date January 7, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:

Next-Friend Petition of the Philadelphia Reparations Coalition for American Freedmen on behalf of the Descendant Class of American Freedmen in Philadelphia

Case No. 2:26-cv-00434 Filed 01/22/26

## NEXT-FRIEND PETITION AND MOTION TO INTERVENE VERIFICATION PAGE

### Purpose

This page serves as the formal verification section for the petition, confirming the authenticity of the petitioner, the accuracy of submitted information, and the authority under which the petition is filed.

### Petitioner Information

- **Name:** Anthony Dickerson
- **Address:** 8235 Forrest Avenue
- **City/State/ZIP:** Philadelphia Pennsylvania
- **Email:** freedmenproject13@gmail.com
- **Phone:** (215) 251-9663

### Verification Statement

I, the undersigned, hereby affirm under penalty of perjury that:

1. The information contained in this petition is true and correct to the best of my knowledge.
2. I am authorized to submit this petition and act in the capacity described within it.
3. All supporting documents, exhibits, and attachments are accurate, complete, and unaltered.
4. I understand that providing false information may result in legal consequences, including dismissal of the petition or other sanctions.

**Signature**

*[signature]*

**Printed Name:** Anthony Dickerson

**Date:** January 27, 2026



