UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CITY OF PHILADELPHIA,**<br><br>                     **Plaintiff,**<br><br>              v.<br><br>**DOUG BURGUM, SECRETARY OF THE INTERIOR, et al.,**<br><br>                     **Defendants.** | **Civil Action No. 2:26-cv-434** |

**PLAINTIFF THE CITY OF PHILADELPHIA'S RESPONSE IN OPPOSITION TO THE NEXT FRIEND PETITION AND MOTION TO INTERVENE**

Plaintiff the City of Philadelphia (the "City" or "Philadelphia"), by and through its undersigned counsel, hereby files this Response in Opposition to the Next Friend Petition and Motion to Intervene (the "Motion") (Doc. No. 43) by Philadelphia Reparations Coalition for American Freedmen ("Petitioner" or "PRC").

**I.     INTRODUCTION**

Through its Motion, Petitioner PRC seeks intervention in this action "on behalf of the Progeny of Persons Emancipated from Slavery *i.e.* American Freedmen in Philadelphia ("Descendant Class")."  It contends that the "[t]he removal of the slavery exhibit at the President's House is not just a historical dispute - it is a constitutional injury" and that the "13th Amendment-based legal interests" of Decedent Class "are directly and uniquely harmed" by the actions of Defendants that are the subject of this matter.  While the City recognizes the significant and irreparable harms inflicted by the removal of the core components of the President's House by Defendants on January 22, 2026—indeed, that was the impetus for the

City's own filing — the Motion is both procedurally and substantively deficient. Accordingly, the City respectfully submits that the Motion should be denied.

## II.    BACKGROUND

As the Court is familiar with the proceedings giving rise to this action, the City summarizes only the history and facts that are relevant to the consideration of the Motion.

On January 22, 2026, Defendants abruptly dismantled nearly all the display panels from and ceased videos playing at the President's House, a building and exhibit on the grounds of Independence National Historical Park in Philadelphia. The removed materials were part of a permanent outdoor fixture that "examine[d] the paradox between slavery and freedom in the founding of the nation." (*See* Independence National Historical Park, Visiting the President's House Site, https://www.nps.gov/inde/learn/historyculture/ places-presidentshousesite.htm (*last accessed* Feb. 13, 2026).) Since the opening of President's House in 2010, the removed materials collectively educated the public about the history of the site, including the nine persons enslaved by the Washington family while he resided at the executive mansion located on those grounds.

That same day, the City commenced this action. In its initial Complaint and Motion for Preliminary Injunction, the City sought to enjoin Defendants from taking any action to damage any exhibits, panels, artwork, or other items from the President's House and to restore the site to its original status before the unlawful removal. (*See generally* Doc. Nos. 1, 2.) Following those filings, a number of entities have submitted amicus briefing in support of the City's position, including Pennsylvania Governor Josh Shapiro, Avenging the Ancestors Coalition, Black Journey, the Pennsylvania Senate Democratic Caucus, and four counties surrounding Philadelphia. (*See* Doc. Nos. 23, 25, 34, 49-3.)

On February 5, 2026, the Clerk of this Court docketed the "Next Friend Petition and Motion for Intervention" of Philadelphia Reparations Coalition for American Freedmen. The filing is signed by "Anthony Dickerson, Pro Se, Chief Compliance Officer." (*See* Mot. (Doc. 43) at 6.) PRC's website describes itself as a "grassroots organization established to advocate for reparations and justice for descendants of those enslaved before emancipation proclamation." (*See* Philadelphia Reparations Coalition for American Freedmen, About Us, http://www.freedmencoalition.org/about.html.) PRC is also registered with the Pennsylvania Secretary of State as a fictious name for the Afrikan Consultation Heritage Center, Inc. (*See* Business Search Results for "Philadelphia Reparations Coalition for American Freedmen (13980341)," attached hereto as **Exhibit 1**.)[1]

The Motion states that it is brought on behalf of "Descendant Class of American Freedmen in Philadelphia," which it claims "consists of lineal descendants of enslaved persons emancipated by the Thirteenth Amendment and historically served by the Freedmen's Bureau and Freedmen's Bank." (*See id.* at 2.) The Motion contends that the "federal order directing removal or suppression of the President's House slavery exhibit" has caused a "distinct, 13th Amendment-specific injury [to the Descendant Class]," and seeks intervention "to protect the Descendant Class's constitutional and statutory interests." (*See id.* at 1, 4, 6.)

## III.     LEGAL STANDARD

Intervention is governed by Federal Rule of Civil Procedure 24. The Rule affords two routes: "intervention of right" under Rule 24(a) or "permissive intervention" under Rule 24(b).

---

[1] This Court may take judicial notice of the website and business records kept by the Pennsylvania Secretary of State. *See* Fed. R. Evid. 201(b)(2) ("[t]he court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

For intervention as of right under Rule 24(a)(2), a litigant must establish: "(1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." *Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, 681 F. App'x 110, 111–12 (3d Cir. 2017); *United States v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014). The burden of proving each element is with the intervenor, and failure to prove any one of the requirements is sufficient to deny the intervenor's motion. *Islamic Soc'y,* 681 F. App'x at 112. Alternatively, permissive intervention under Rule 24(b) affords a court with discretion in determining whether intervention is proper: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *Islamic Soc'y*, 681 F. App'x at 112. In exercising this discretion, courts "consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already represented in the litigation." *Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982); *see also Aetna Inc. v. Insys Therapeutics, Inc.*, 330 F.R.D. 427, 434 (E.D. Pa. 2019) (Rufe, J.) ("[p]ermissive intervention that adds little value to the proceedings and only serves to cause undue delay to original parties is considered to be unwarranted"); 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (3d ed. 2017) ("the court . . . may deny intervention if the complicating effect of the additional issues outweighs any advantage of a single disposition of the common issue."). The Motion does not meet either of these standards.

## IV. ARGUMENT

### A. Petitioner Cannot Appear *Pro Se*

As a threshold matter, the Motion should be denied given that it was filed *pro se*. It is well-established that a corporate or organizational entity may not proceed *pro se* and must be represented by legal counsel. *In re 69 N. Franklin Tpk., LLC*, 693 F. App'x 141, 144 (3d Cir. 2017); *Pa. Bus. Bank v. Biz Bank Corp.*, 330 F. Supp. 2d 511, 513 (E.D. Pa. 2004). While a party may, generally, bring its case in person or by counsel under 28 U.S.C. § 1564, a corporation's in propria persona appearance is impossible because an organizational personality is merely a legal fiction. *See MOVE Organization v. Dep't of Justice*, 555 F. Supp. 684, 693 (E.D. Pa.1983). "Thus, the courts have repeatedly held that corporations and other organizations must be represented by counsel." *Id.* Nor are *pro se* litigants permitted to raise statutory and constitutional claims on behalf of others or represent a class. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); *Osei Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself); *Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) ("*pro se* litigants are generally not appropriate as class representatives"); *Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 113 (3d Cir. 2006) ("*pro se* litigant may not represent the interest of a class in a class action lawsuit"); *Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) ("Lewis, who is proceeding *pro se*, may not represent a putative class of prisoners"); *see also DiMaio v. George W. Hill Intake Dep't*, 367 F. Supp. 3d 301, 305 (E.D. Pa. 2019) (Rufe, J.) (observing that individual lacks the ability to bring a class action as a non-attorney proceeding *pro se*).

The Motion was filed by "Anthony Dickerson, Pro Se, Chief Compliance Officer" of PRC and purports to be brought on behalf a class of persons "emancipated by the Thirteenth Amendment." (*See* Mot. (Doc. 43) at 2, 6.). Such a submission—in which the organizational litigant is not represented by an attorney and pursuing claims on behalf of others—is not permitted per the robust line of authorities cited *supra*. Accordingly, the Motion should be denied.

### B. The Motion Fails to Include the Pleading Required By Rule 24(c) as a Prerequisite to Intervention

The Motion also does not adhere to the procedural requirements of Rule 24. Rule 24(c) requires the party seeking intervention to serve a motion to intervene and a proposed pleading on the opposing parties. Fed. R. Civ. P. 24(c) ("motion must state the grounds for intervention and *be accompanied by a pleading* that sets out the claim or defense for which intervention is sought.") (emphasis added). As has been recognized by this Court, this provision is intended to ensure that parties receive advance notice of the claims that an intervenor plans to set forth if intervention is permitted. *Aetna Inc.*, 330 F.R.D. at 432. Generally, failure to comply with the requirements of Rule 24(c) will result in the denial of a motion to intervene. *See id.* (observing that "most courts in this Circuit have adhered to a technical reading of Rule 24(c)" and denying proposed intervention where the movant failed to comply with its requirements); *see also SEC v. Investors Sec. Leasing Corp.*, 610 F.2d 175, 177-78 (3d Cir. 1979); *Gaskin v. Pa.*, 231 F.R.D. 195, 196 n.1 (E.D. Pa. 2005); *Sch. Dist. of Phila. v. Pa. Milk Mrktg. Bd.*, 160 F.R.D. 66, 67 (E.D. Pa. 1995).

Denial is warranted as no such pleading accompanies the Motion, in contravention of Rule 24(c). The Motion does make reference to purported "13th Amendment-specific injury," claiming that the removal of materials from President's House "undermines the historical record

necessary for Thirteenth Amendment enforcement" and "impairs the Descendant Class's ability to assert claims grounded in Reconstruction-era trust obligations." (*See* Mot. (Doc. 43) at 4.) However, despite these contentions, the Motion does not provide the parties with notice of a cognizable claim. Accordingly, the Motion should be denied.

### C. The Motion Does Not Meet Either Standard for Intervention Under Rule 24

In addition to its technical and procedural failures, the Motion does not demonstrate that intervention is appropriate under either Rule 24(a) or (b).

With respect to intervention as of right, the Motion does not (and cannot) show that the interests of PRC or the class on whose behalf it purportedly submitted the filing are not adequately represented by the City, which failure is fatal to its request. As a general matter, the Third Circuit has established that for purposes of an application to intervene, state or local entities adequately represent the interests of their citizens. *Del. Valley Citizens' Council for Clean Air v. Commonwealth of Pa.,* 674 F.2d 970, 973 (3d Cir. 1982) (holding "[w]hen a state is a party to a suit involving a matter of sovereign interest, it is presumed to represent the interests of its citizens[.]") PRC seeks to represent a class of "descendants" of "American Freedmen in Philadelphia." (Mot. (Doc. 43) at 1.) To the extent that the class is determinable, its members' interests in this litigation are adequately represented by the City. Without the required proposed pleading, it is difficult to know exactly what claims PRC seeks to pursue; however, it is clear from the Motion that PRC seeks the remedy of the restoration of President's House to its status prior to January 22, 2026, as it was designed and built, or at least an injunction prohibiting any further destruction, and preservation of any historical materials. (*See* Mot. (Doc. 43) at 5-6.) The City seeks the same relief in this case. PRC's other requested remedy, a declaratory judgment "that the [order to remove references to slavery at President's House] violates the Descendant Class's constitutional and statutory rights," (Mot. (Doc. 43) at 5), is a separate legal and factual

question from any raised in this litigation and, thus, intervention is not proper and PRC must pursue this claim in its own litigation.

At bottom, PRC appears to share a common objective with the City, further undercutting any claim of inadequate representation. The City seeks to restore President's House to its original status before Defendants' unlawfully removal of its core components—the same request made by PRC in its Motion (*Compare* Mot. (Doc. No. 43) at 5 *with* Am. Compl. (Doc. No. 44) at 29)—and the City is zealously advocating for that relief. "[W]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented." *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig.,* 418 F.3d 277, 315 (3d Cir. 2005) (citing with approval *Virginia v. Westinghouse Elec. Corp.,* 542 F.2d 214, 216 (4th Cir. 1976)). "To overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit." *Id.* (citing *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir. 1978)). The Motion makes no such showing. Because PRC's interests in the present action are well advanced by the City, it may not intervene as of right pursuant to Rule 24(a)(2).

With respect to permissive intervention, allowing PRC to intervene would neither add value nor promote efficiency. *See Aetna Inc.,* 330 F.R.D. at 434. Instead, it would only likely complicate matters by requiring litigation of constitutional and class-based claims that do not appear to be the appropriate vehicle for the relief sought. Again, the City appreciates that the subject of this litigation implicates matters of great public importance. However, as is described *supra*, the intervenor's interests are already represented in the litigation. *Hoots*, 672 F.2d at

1136.  Given these circumstances, PRC should not intervene by permission pursuant to Rule 24(b).  Accordingly, the Motion should be denied.

## V. CONCLUSION

For all of the reasons set forth herein, the City respectfully submits that the Court should deny the Next Friend Petition and Motion to Intervene filed by Philadelphia Reparations Coalition for American Freedmen.

                                        Respectfully submitted,

                                      CITY OF PHILADELPHIA
                                      LAW DEPARTMENT

Date: February 17, 2026             */s/ Bailey Axe*
                                      Renee Garcia, City Solicitor
                                      Anne Taylor, Chair | Litigation
                                      Lydia Furst, Chief Deputy City Solicitor
                                      Ryan B. Smith, Divisional Deputy City Solicitor
                                      Bailey Axe, Deputy City Solicitor
                                      City of Philadelphia Law Department
                                      1515 Arch Street, 15th Floor
                                      Philadelphia, PA 19102
                                      (215) 683-5024
                                      bailey.axe@phila.gov

                                      *Attorneys for Plaintiff the City of Philadelphia*