IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITY OF PHILADELPHIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOUG BURGUM, SECRETARY OF THE INTERIOR, *et al.*,<br><br>　　　　Defendants. | Case No. 26-cv-434 |

**DEFENDANTS' EMERGENCY MOTION FOR AN IMMEDIATE
ADMINISTRATIVE STAY AND A STAY PENDING APPEAL**

Pursuant to Federal Rule of Civil Procedure 62(d) and consistent with Federal Rule of Appellate Procedure 8(a)(1), Defendants (the Government) move this Court for a stay of its preliminary injunction dated February 16, 2026 (ECF No. 54) pending the resolution of Defendants' appeal to the U.S. Court of Appeals for the Third Circuit. The Government also requests that this Court either (1) grant an immediate administrative stay of the preliminary injunction while the parties brief and the Court considers this motion; or, alternatively, (2) enter a seven-day administrative stay of the preliminary injunction so that the Government can seek an emergency stay from the Third Circuit.[1]

---

[1] Earlier today, the Court entered an order that observed "Defendants have not moved this Court for a stay." ECF No. 64 at 1 n.1. That is true, but the Government's opposition to the City's motion for a preliminary injunction specifically included a request that any injunctive relief be stayed. *See* ECF No. 52 at 30 ("If the Court nonetheless issues any further injunctive relief, Defendants request that such relief be stayed . . . .").

**LEGAL STANDARD**

"It has always been held that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 421 (2009) (cleaned up). Consistent with that principle, Federal Rule of Civil Procedure 62 allows a district court to stay equitable relief pending appeal. In determining whether to grant a stay pending appeal, courts consider whether (1) the movant has made a strong showing that he is likely to succeed on the merits; (2) the movant will be irreparably injured absent a stay; (3) the stay would substantially injure other parties with an interest in the litigation; and (4) a stay is in the public interest. *Id.* at 434. Courts weigh and "consider the relative strength of the four factors." *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015). In doing so, "if the balance of harms tips heavily" in favor of the movant, "then the showing of likelihood of success need not be as strong, and vice versa. *Id.* (citation omitted).

**ARGUMENT**

The Court should stay its preliminary injunction pending appeal because the Government is likely to prevail on the merits, will face irreparable injury absent a stay, and the remaining factors also support a stay.

*First*, the Government likely will prevail on its appeal. This factor requires the Government to show that it has a "substantial case on the merits," *id.* at 571, meaning "a reasonable chance, or probability, of winning" on appeal, *id.* at 568 (citation omitted). This standard does not require a showing that prevailing on appeal is more likely than not, but a mere showing of a "better than negligible chance" does not suffice. *Id.*

Here, as detailed in its opposition to the City's motion for a preliminary injunction (ECF No. 52), the Government has a strong case that it will prevail on appeal. Among other dispositive points, the Government will likely prevail on its argument that the City lacks standing. *See id.* at 6-13. And this Court's reasons for concluding otherwise do not refute the Government's arguments. First, the Court failed to use traditional tools of statutory construction before concluding that § 407n is ambiguous. *See* ECF No. 53 at 18-19; *United States v. Rutherford*, 120 F.4th 360, 380 n.28 (3d Cir. 2024). Second, the Court's conclusion that § 407n's reference to Carpenter's Hall renders the provision ambiguous does not follow from the statute's text. *See* ECF No. 53 at 18-19. And third, the Court's ultimate interpretation of § 407n violates fundamental principles of statutory interpretation, including the rule against surplusage and the canon of different usage equating to different meaning. *See id.* at 19; *see, e.g.*, *Rubin v. Islamic Republic of Iran*, 583 U.S. 202, 213 (2018). Nor does the Court's reliance on the § 407n's legislative history and alleged manifest purpose support the Court's expansive interpretation. *See Freeman v. Quicken Loans, Inc.*, 566 U.S. 624, 637 (2012) ("[v]ague notions of statutory purpose provide no warrant for expanding [a statutory term] beyond the field to which it is unambiguously limited").

Second, the Government will face significant and irreparable harm absent a stay. Among other things, the Court's interpretation of § 407n would seem to vastly expand the City's authority with respect to Independence National Historical Park. That expansion of authority infringes on the Government's domain of exclusive statutory authority under 16 U.S.C. § 407q, which provides that "[t]he administration, protection, and development of the park shall be exercised under the direction of the Secretary of the Interior by the National Park Service." That authority does not contemplate the

3

City's involvement as a backseat driver holding veto power, and this intrusion qualifies as irreparable harm. *See, e.g.*, *I.N.S. v. Legalization Assistance Project of Los Angeles Cnty. Fed'n of Lab.*, 510 U.S. 1301, 1306 (1993) (O'Connor, J., in chambers) (holding that equities favored the Government where the underlying order was "an improper intrusion by a federal court into the workings of a coordinate branch of the Government"). The Court's order also improperly compels speech by a co-equal branch of government. *See, e.g.*, *Pleasant Grove City v. Summum*, 555 U.S. 460, 467 (2009) (Federal government "has the right to speak for itself" and "to select the view it wants to express."). While the Court concluded that "[r]estoration of the President's House does not infringe upon the government's free speech," ECF No. 53 at 39, the Court's injunction undeniably compels the Government to convey a message that it has chosen not to convey. And to compel speech is an infringement on the right to free speech.

Finally, the equities also support a stay. As the Government previously explained, there is no plausible irreparable harm to the City because the exhibits and videos will be securely stored and can be reinstalled at the conclusion of any litigation. *See* ECF No. 52 at 28. That remains true. And although this Court concluded that the City established a likelihood of irreparable harm here, that determination (1) improperly relied on harms alleged by various amici instead of the City; and (2) lacked legal authority to support its conclusions that the asserted harms qualify as cognizable irreparable harm. *See id.* at 37-39; *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000) (movant seeking an injunction must show "that it specifically *and personally* risks irreparable harm" (emphasis added)). And it is plainly in the public interest for the Government to exercise its statutory authority without improper interference based on a legally erroneous injunction.

4

## CONCLUSION

The Court should stay its preliminary injunction dated February 16, 2026 (ECF No. 54) pending the resolution of the Government's appeal to the U.S. Court of Appeals for the Third Circuit. And the Court should either (1) grant an immediate administrative stay of the preliminary injunction while the parties brief and the Court considers this motion; or, alternatively, (2) enter a seven-day administrative stay of the preliminary injunction so that the Government can seek an emergency stay from the Third Circuit.

Dated:  February 18, 2026                 Respectfully submitted,

BRETT A. SHUMATE                          DAVID METCALF
Assistant Attorney General                United States Attorney
Civil Division
                                          */s/ Gregory B. David*
MICHAEL VELCHIK                           GREGORY B. DAVID
Senior Counsel to the Assistant           Assistant United States Attorney
Attorney General                          Chief, Civil Division

                                          */s/ Gregory B. in den Berken*
                                          GREGORY B. IN DEN BERKEN
                                          Assistant United States Attorney
                                          Eastern District of Pennsylvania
                                          615 Chestnut Street, Suite 1250
                                          Philadelphia, PA 19106
                                          Phone:   (215) 861-8505
                                          Email:   gregory.indenberken@usdoj.gov

            *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on February 18, 2026, a true and correct copy of Defendants' Emergency Motion for an Immediate Administrative Stay and a Stay Pending Appeal was filed electronically via the Court's CM/ECF system and served via CM/ECF on all counsel of record.

*/s/ Gregory B. in den Berken*
GREGORY B. IN DEN BERKEN
