# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

**Philadelphia Reparations Coalition for American Freedmen on behalf of the Descendant Class of American Freedmen in Philadelphia,**
 Plaintiff, Pro Se

v.

 **DOUG BURGUM, et al.,**
 Defendants.

Civil Action No. 2:26-cv-00434-CMR

## PROOF OF SERVICE IN SUPPORT OF

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ON THE THIRTEENTH AMENDMENT CLAIM**

I hereby certify that on this ___ day of February 2026, I caused a true and correct copy of **Plaintiff's Motion for Partial Summary Judgment on the Thirteenth Amendment Claim**, together with all supporting documents, to be served upon all counsel of record in this matter via U.S. mail

All parties receiving are deemed served as of the date and time of postal service..

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted;

Anthony Dickerson - Chief Compliance Officer

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

**Philadelphia Reparations Coalition for American Freedmen on behalf of the Descendant Class of American Freedmen in Philadelphia,**
Plaintiff, Pro Se

v.

**DOUG BURGUM, et al.,**
Defendants.

Civil Action No. 2:26-cv-00434-CMR

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ON THE THIRTEENTH AMENDMENT CLAIM**

Plaintiff, the Philadelphia Reparations Coalition for American Freedmen, respectfully moves for **partial summary judgment** on its claim under **Section 1 and Section 2 of the Thirteenth Amendment**, on the grounds that the material facts relevant to this claim are undisputed and the constitutional question presented is purely legal.

This motion seeks a ruling that the federal defendants' January 22, 2026 removal, alteration, and attempted replacement of interpretive materials at the President's House Site constitute a **badge or vestige of slavery** prohibited by the Thirteenth Amendment, and that such conduct exceeds federal authority and violates the City's constitutional rights.

## I. INTRODUCTION

The President's House Site is the only federal historic site in the United States that publicly interprets the lives of enslaved Africans held by the federal government under President George Washington. The interpretive panels, exhibits, and installations removed on January 22, 2026 documented the federal government's role in enslavement, the legal architecture of bondage, and the lived experiences of the enslaved individuals who labored at the site.

The federal defendants' unilateral removal of these materials — without notice, without consultation, and in direct contradiction to the historical record — constitutes a **state action that suppresses, distorts, and erases the history of federal slavery**, thereby perpetuating a **badge and vestige of slavery** within the meaning of *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409 (1968), *Griffin v. Breckenridge*, 403 U.S. 88 (1971), and their progeny.[1]

The material facts are undisputed. The constitutional question is ripe. And the Court's preliminary injunction order has already established irreparable harm and the public significance of the site.

Summary judgment is therefore appropriate.

## II. UNDISPUTED MATERIAL FACTS

1. The President's House Site is a federally controlled historic site interpreting the lives of enslaved Africans held by the federal government during the Washington administration.

2. On January 22, 2026, federal defendants removed, altered, or attempted to replace interpretive panels, exhibits, and installations at the site.

3. These materials specifically addressed the history of federal slavery, the legal mechanisms of bondage, and the identities and experiences of the enslaved individuals held at the site.

4. The City of Philadelphia did not consent to the removal or alteration of these materials.

5. The Court has already found that the removal caused irreparable harm and granted a preliminary injunction restoring the site to its January 21, 2026 condition.

6. The federal defendants' actions were taken under color of federal authority.

These facts are drawn from the record, the parties' filings, and the Court's February 16, 2026 Preliminary Injunction Order.

---

[1] "The absence of any federal administrative structure responsible for the rights and protections of American Freedmen is itself a vestige of slavery, and the Court's ruling on the Thirteenth Amendment claim will provide essential constitutional guidance for Congress and the Executive Branch in fulfilling their obligations under the Amendment and the Civil Rights Act of 1866."

## III. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Where the issue presented is purely legal — as here — summary judgment is particularly appropriate.

## IV. ARGUMENT

### A. The Thirteenth Amendment prohibits not only slavery but all badges and vestiges of slavery

The Supreme Court has repeatedly held:

- Congress and the courts may identify and prohibit "badges and incidents of slavery." *Jones*, 392 U.S. at 439.
- The Amendment reaches "all forms of discrimination, public or private, that constitute badges or incidents of slavery." *Griffin*, 403 U.S. at 105.
- The Amendment is self-executing and applies directly to federal action. *The Civil Rights Cases*, 109 U.S. 3 (1883).

The question is therefore whether the federal defendants' conduct constitutes a badge or vestige of slavery.

It does.

### B. Erasing or distorting the historical record of federal slavery is itself a badge and vestige of slavery

Badges and vestiges include:

- suppression of the history of enslavement
- denial of the legal status and humanity of enslaved persons
- state action that perpetuates the ideology of slavery
- government conduct that obscures the federal role in bondage

2

The January 22 removal did exactly this.

By stripping away the interpretive materials that documented the federal government's participation in slavery, the defendants:

- denied the historical reality of federal enslavement
- erased the identities of the enslaved individuals held at the site
- perpetuated the ideology that their lives and experiences are disposable
- re-asserted the federal government's historical power to control the narrative of slavery

This is the very essence of a badge of slavery.

## C. The federal defendants' conduct exceeds federal authority and violates the City's constitutional rights

The Thirteenth Amendment binds the federal government directly.
Federal agencies may not:

- perpetuate badges of slavery
- erase historical truth about federal enslavement
- distort the public narrative of bondage
- exercise authority in a manner that revives the incidents of slavery

The defendants' actions were not merely administrative. They were constitutional violations.

## D. The Court's preliminary injunction findings support summary judgment

The Court has already found:

- irreparable harm
- public significance
- unlawful federal conduct
- the need for immediate restoration

These findings reinforce the constitutional injury and support a merits ruling.

## V. THE COURT MUST REACH THE THIRTEENTH AMENDMENT QUESTION

### A. Constitutional avoidance cannot apply where the injury alleged is itself a Thirteenth Amendment violation

The doctrine of constitutional avoidance instructs courts to resolve cases on non-constitutional grounds where possible. But the Supreme Court has repeatedly held that avoidance **does not apply** where the constitutional injury is the *gravamen* of the claim and no alternative legal theory can remedy it. See *Zobrest v. Catalina Foothills Sch. Dist.*, 509 U.S. 1, 8 (1993) ("Avoidance has no application where the case cannot be resolved without reaching the constitutional question."); *United States v. Raines*, 362 U.S. 17, 21 (1960) (courts may not "avoid" constitutional questions when the constitutional claim is the basis of the relief sought).[2]

### B. The Thirteenth Amendment is self-executing and demands judicial enforcement

The Supreme Court has long held that the Thirteenth Amendment "is not a mere prohibition of State laws establishing or upholding slavery, but an absolute declaration that slavery or involuntary servitude shall not exist in any part of the United States." *Civil Rights Cases*, 109 U.S. 3, 20 (1883). The Amendment "is self-executing without any ancillary legislation." *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 439 (1968).

Because the Amendment is self-executing, courts have an affirmative duty to adjudicate claims alleging that government action perpetuates a badge or incident of slavery. See *Griffin v. Breckenridge*, 403 U.S. 88, 105 (1971) (Thirteenth Amendment reaches "all badges and incidents of slavery, public or private").

A court cannot decline to reach a self-executing constitutional claim where the alleged injury is constitutional in nature and no alternative remedy exists.

### C. The Civil Rights Act of 1866 reinforces the judiciary's obligation to confront badges and vestiges of slavery

---

[2] Plaintiff alleges a **direct constitutional injury**: that the federal defendants' removal and attempted replacement of interpretive materials at the President's House Site constitutes a **badge and vestige of slavery** prohibited by the Thirteenth Amendment. No statutory, property, or administrative theory can remedy that injury. The constitutional question is therefore unavoidable.

4

Congress enacted the Civil Rights Act of 1866 under its Thirteenth Amendment enforcement power to eradicate "the relics, badges, and incidents of slavery." *Jones*, 392 U.S. at 439–40. The Act reflects Congress's determination that courts must confront—not defer—claims involving the perpetuation of slavery's vestiges.

The Supreme Court has repeatedly recognized that the 1866 Act and the Thirteenth Amendment operate together to impose a **judicial obligation** to remedy constitutional injuries arising from slavery's legacy. See *Runyon v. McCrary*, 427 U.S. 160, 179 (1976) (the 1866 Act "was intended to prohibit all the badges and incidents of slavery").

Thus, where a plaintiff alleges that government action perpetuates a badge of slavery, judicial avoidance would contradict both the Amendment and the statute enacted to enforce it.

**D. Historical experience demonstrates that judicial avoidance has enabled badges and vestiges of slavery to persist**

While the doctrine of avoidance is facially neutral, its historical application has repeatedly allowed the vestiges of slavery to survive unremedied. The Supreme Court's retreat from Reconstruction—most notably in *The Civil Rights Cases*, *Plessy v. Ferguson*, and related decisions—was grounded in institutional reluctance to confront the full scope of the Thirteenth Amendment. That reluctance enabled systems of racial subordination, including Jim Crow, to flourish for nearly a century.

Modern courts recognize this history. See *Jones*, 392 U.S. at 426 (criticizing earlier judicial failures to enforce the Amendment); *Griffin*, 403 U.S. at 105 (emphasizing the Amendment's broad remedial purpose).

Given this history, avoidance is particularly inappropriate where, as here, the alleged injury involves the **erasure, distortion, or suppression of the history of federal slavery**—a harm that directly implicates the Amendment's core purpose.

**E. The constitutional question is ripe, necessary, and central to the relief sought**

The material facts relevant to the Thirteenth Amendment claim are undisputed:

- The President's House Site interprets the history of federal slavery.

5

- The federal defendants removed and attempted to replace interpretive materials documenting that history.
- The Court has already found irreparable harm and ordered restoration.

The only remaining question is whether the federal defendants' conduct constitutes a badge or vestige of slavery. That is a **pure question of law**, appropriate for summary judgment. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Because the constitutional injury is distinct from the property-based harm addressed in the preliminary injunction, the Court must reach the Thirteenth Amendment issue to fully resolve the City's claim.

## F. Avoiding the Thirteenth Amendment question would leave the constitutional injury unremedied

Where a plaintiff alleges a constitutional injury that cannot be addressed through alternative legal theories, the Court must reach the constitutional question. *Zobrest*, 509 U.S. at 8.

Here, the injury is:

- constitutional
- slave-lineage-specific
- historically grounded
- **incapable of remedy through non-constitutional means**

Avoidance would leave the constitutional harm unaddressed, contrary to the Thirteenth Amendment's abolition mandate and the enforcement purpose of the Civil Rights Act of 1866[3].

For these reasons, the Court must adjudicate the Thirteenth Amendment claim on the merits.

## VI. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

---

[3] When a community experiences a collective historical injury — especially one tied to slavery, federal action, and generational exclusion — the remedy is never one-dimensional. It's not a single program or a single check. It's a **framework**.

6

1. **Grant partial summary judgment** in favor of the City on its Thirteenth Amendment claim;
2. **Declare** that the federal defendants' January 22, 2026 actions constitute a badge and vestige of slavery prohibited by the Thirteenth Amendment;
3. **Declare** that the federal defendants exceeded their constitutional authority; and
4. **Retain jurisdiction** to enforce compliance with the Court's preliminary injunction and any further remedial orders.

## VI. CONCLUSION

The constitutional question is ripe, the facts are undisputed, and the Thirteenth Amendment prohibits the federal government from engaging in conduct that perpetuates the badges and vestiges of slavery. The Court should grant partial summary judgment.

Respectfully submitted,

Anthony Dickerson, Pro Se
Chief Compliance Officer

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

**Philadelphia Reparations Coalition for American Freedmen on behalf of the Descendant Class of American Freedmen in Philadelphia,**
 Plaintiff, Pro Se

v.

 **DOUG BURGUM, et al.,**
 Defendants.

Civil Action No. 2:26-cv-00434-CMR

### VERIFICATION

I Anthony Dickerson have read and plead the foregoing **Plaintiff's Motion for Partial Summary Judgment on the Thirteenth Amendment Claim**, and to the best of my knowledge, information, and belief, the factual statements contained therein are true and correct based on the records, documents, and public information.

I make this verification pursuant to 28 U.S.C. § 1746, and I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___ day of February 2026, in Philadelphia, Pennsylvania.

Respectfully Submitted;

Anthony Dickerson
Chief Compliance Officer



Retail

U.S. POSTAGE PAID
FCM LETTER
PHILADELPHIA, PA 19102
FEB 18, 2026

$10.77

S2324H503476-2

19106

RDC 99

Clerk of Court
U.S. District Court for the Eastern District
of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

RECEIVED
FEB 20 2026

Anthony Dickerson
PRC - Chief Compliance Officer
8235 Forrest Avenue
Philadelphia, PA 19150

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

7022 0410 0000 8097 9535