IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CITY OF PHILADELPHIA,

      Plaintiff,

      v.

DOUG BURGUM, SECRETARY OF THE
INTERIOR, *et al.*,

      Defendants.

Case No. 26-cv-434

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL
OR, ALTERNATIVELY, FOR EXTENSION OF TIME
TO RESPOND TO AMENDED COMPLAINT**

Defendants (the Government) respectfully move to stay these proceedings pending resolution of the appeal of the preliminary injunction to the U.S. Court of Appeals for the Third Circuit, or alternatively request an extension of the deadline to respond to the amended complaint. As explained below, there is good cause to grant these requests because they will conserve party and judicial resources and promote the efficient and orderly resolution of this case. The City of Philadelphia opposes the Government's request for a stay but consents to the Government's requested extension and briefing schedule.

**BACKGROUND**

The City filed its complaint in this case on January 22, 2026 (ECF No. 1); the U.S. Attorney's Office for the Eastern District of Pennsylvania accepted service on January 23 (ECF No. 9); and the City filed an amended complaint on February 6 (ECF No. 44). Under the Federal Rules of Civil Procedure, the Government's response to the amended complaint would thus normally be due on March 24, 2026. *See* Fed. R. Civ. P. 12(a)(2),

15(a)(3). But the Court has ordered the Government to respond to the amended complaint on or before February 27. ECF No. 37 ¶ 3.

After setting that deadline, the Court granted the City's motion for a preliminary injunction. ECF Nos. 53-54. The Government appealed that ruling to the U.S. Court of Appeals for the Third Circuit. ECF No. 58. On February 20, the Third Circuit granted a partial administrative stay of the preliminary injunction, referred the Government's motion for a stay pending appeal to a full 3-judge motions panel, and expedited the appeal so that the Government's brief is due on March 13. *City of Phila. v. Sec'y U.S. Dep't of Interior*, No. 26-1348, ECF No. 11 (3d Cir.).

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citation omitted). Courts often examine four factors to assess whether a stay is appropriate, namely "(1) the length of the requested stay; (2) the hardship that the movant would face if the stay was not granted; (3) the injury that a stay would inflict on the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy." *Brandywine Vill. Assocs. v. Carlino E. Brandywine, L.P.*, No. 16-cv-5209, 2018 WL 3752876, at *3 (E.D. Pa. Aug. 8, 2018) (citation omitted).

## ARGUMENT

### I.    The Court Should Stay This Case Pending the Appeal

All of the stay factors support pausing further proceedings in this Court to await the Third Circuit's resolution of the appeal. Issuing such a stay will conserve party and judicial resources and promote the efficient and orderly disposition of this case.

*First*, the length of the requested stay is reasonable. The Third Circuit has expedited the appeal so that briefing will be complete by April 27 and the appeal "will be scheduled for disposition soon after briefing is completed." *City of Phila.*, No. 26-1348, ECF No. 11 at 2. And the Third Circuit's recognition that the appeal merits prompt consideration supports the conclusion that it will decide the appeal expeditiously. So the stay would likely be only for a few months, which is reasonable. *See, e.g.*, *Miller v. Trans Union, LLC*, No. 12-cv-1715, 2015 WL 13649106, at *2 (M.D. Pa. Aug. 3, 2015) (length factor supported stay pending Supreme Court's decision in relevant case because requested stay was "by definition not indefinite, since briefing in that case" was soon to conclude "and a decision [wa]s expected" within 10 months).

*Second*, the Government (as well as the City) faces harm absent a stay. Continuing with further proceedings in this Court now exposes the parties (and the Court) to the risk of incurring significant wasted costs litigating this matter. In opposition to the City's amended preliminary-injunction motion, the Government raised multiple arguments that implicate the Court's subject-matter jurisdiction—including that the City lacks standing and challenges conduct that is unreviewable under the APA or by this Court. *See* ECF No. 52 at 6-25. The Third Circuit will weigh in on these questions in the appeal, meaning its decision may result in dismissal of all or some of the City's claims. "[R]equiring Defendants to spend more time, money, and resources

litigating a lawsuit that may become moot based on the Third Circuit's ruling would cause a significant hardship," which supports staying further proceedings. *Spector Gadon Rosen Vinci P.C. v. Aquilino*, No. 22-cv-905, 2024 WL 3792218, at *7 (E.D. Pa. Aug. 12, 2024).[1]

On the other hand, the City faces no cognizable harm from the requested stay. "[M]ere delay" in proceeding with a case does not establish prejudice. *McQueen*, 2024 WL 2866354, at *3. And any ongoing injury that the City claims to be suffering has already been addressed by this Court's preliminary injunction, which will either remain stayed (in part or fully) or be reimposed by the Third Circuit when it decides the Government's motion to stay the injunction pending appeal. In other words, any ongoing injury claimed by the City is unaffected by a stay of these proceedings.[2]

*Third*, and for similar reasons, a stay will promote judicial economy and facilitate the efficient resolution of this case. "Absent a stay, the Court and the litigants would need to dedicate resources to litigating issues that may turn out to be moot." *Vonbergen*,

---

[1]    *See also, e.g., McQueen v. Primary Arms, LLC*, No. 24-cv-725, 2024 WL 2866354, at *3 (E.D. Pa. June 6, 2024) ("it would be a hardship to [the movant] to be required to continue litigating a case that is on questionable standing grounds"); *Vonbergen v. Liberty Mut. Ins. Co.*, No. 22-cv-4880, 2024 WL 1660537, at *2 (E.D. Pa. Apr. 17, 2024) (requiring movant "to spend time, money, and resources litigating a suit that is on questionable standing grounds would cause a significant hardship" (citing cases)); *Doe v. Parx Casino*, No. 18-cv-5289, 2019 WL 13268141, at *1 n.1 (E.D. Pa. May 10, 2019) (observing that "[n]either party would benefit if they incurred substantial costs litigating an issue" that would be affected by a binding decision in a pending appeal); *Frey v. Frontier Utilities Ne. LLC*, No. 19-cv-2372, 2021 WL 322818, at *3 (E.D. Pa. Feb. 1, 2021); *Frey v. Frontier Utilities Ne. LLC*, No. 19-cv-2372, 2020 WL 12697469, at *2 (E.D. Pa. Apr. 13, 2020); *Stokes v. RealPage, Inc.*, No. 15-cv-1520, 2016 WL 9711699, at *1 (E.D. Pa. Jan. 25, 2016); *Miller*, 2015 WL 13649106, at *2; *Alvarez v. T-Mobile USA, Inc.*, No. 10-cv-2373, 2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010).

[2]    And the Third Circuit's current administrative stay requires the Government to "preserve the status quo as to the President's House." *City of Phila.*, No. 26-1348, ECF No. 11 at 2.

2024 WL 1660537, at *2; *see also, e.g., McQueen*, 2024 WL 2866354, at *4 (stay served judicial economy because, "[w]ithout a stay, the Court and the parties would be forced to dedicate resources to litigating matters that may not even be properly before the Court"). This factor thus also supports issuance of the requested stay.

## II.    Alternatively, the Government Requests the Court to Extend the Deadline to Respond to the Amended Complaint and Adopt the Parties' Proposed Briefing Schedule

Should the Court decline to stay further proceedings, the Government alternatively requests that the Court at least extend the deadline to respond to the amended complaint and adopt a briefing schedule for the Government's motion to dismiss. The City consents to this request and the parties jointly request that the Court adopt the following schedule:

- The Government to file its motion to dismiss on or before April 1, 2026;

- The City to file its opposition to the Government's motion to dismiss on or before May 1, 2026; and

- The Government to file its reply brief on or before May 15, 2026.

The same attorneys (on both sides) handling the district-court litigation are also handling the appeal, and this proposed schedule incorporates sufficient time for both the district-court and appellate deadlines. The proposed schedule will permit counsel to dedicate sufficient time to both sets of responsibilities.

## CONCLUSION

The Court should stay these proceedings pending the Third Circuit's resolution of the appeal. Alternatively, the Court should extend the Government's deadline to respond to the amended complaint and adopt the parties' proposed briefing schedule for the Government's motion to dismiss.

Dated:  February 25, 2026                    Respectfully submitted,

BRETT A. SHUMATE                             DAVID METCALF
Assistant Attorney General                   United States Attorney
Civil Division

                                             */s/ Gregory B. David*
MICHAEL VELCHIK                              GREGORY B. DAVID
Senior Counsel to the Assistant             Assistant United States Attorney
Attorney General                             Chief, Civil Division

                                             */s/ Gregory B. in den Berken*
                                             GREGORY B. IN DEN BERKEN
                                             Assistant United States Attorney
                                             Eastern District of Pennsylvania
                                             615 Chestnut Street, Suite 1250
                                             Philadelphia, PA 19106
                                             Phone:   (215) 861-8200
                                             Email:    gregory.indenberken@usdoj.gov

                        *Counsel for Defendants*

6

## COMBINED CERTIFICATES

I hereby certify that:

1.      On February 25, 2026, a true and correct copy of Defendants' Motion to Stay Proceedings Pending Appeal or, Alternatively, for Extension of Time to Respond to Amended Complaint was filed electronically via the Court's CM/ECF system and served via CM/ECF on all counsel of record; and

2.      On February 23 and 25, 2026, I conferred with counsel for the City of Philadelphia, Renee Garcia and Anne Taylor, about the relief requested in the motion. Ms. Garcia stated that the City opposes the Government's request for a stay but consents to the extension and briefing schedule requested in the motion.

*/s/ Gregory B. in den Berken*
GREGORY B. IN DEN BERKEN
