IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CITY OF PHILADELPHIA,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**DOUG BURGUM,** *et al.***,**<br><br>        **Defendants.** | CIVIL ACTION NO.  26-434 |

**INTERVENTION ORDER**

**AND NOW,** this 10th day of March 2026, upon consideration of Movants Anthony Johnson and Keith Davis's Motion to Intervene [Doc. No. 69], it is hereby **ORDERED** that the Motion to Intervene is **DENIED**.[1]

There are no pending cases before this Judge in which either movant is a party, and movants have no right to seek this Court's recusal in this case. However, to the extent they seek recusal in any case, the motion to recuse is **DENIED**.[2] The Clerk of Court is directed that no further filings shall be accepted from Johnson, Davis, or any non-party in this matter.

---

[1] The movants have failed to satisfy the burden to intervene. Fed. R. Civ. P. 24. Movants have not established "(1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests." *Islamic Soc'y of Basking Ridge v. Twp. of Bernards*, 681 F. App'x 110, 111–12 (3d Cir. 2017); *United States v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014). Nor does this Court elect to exercise its discretion to allow permissive intervention under Rule 24(b) because the proposed intervenors will not add anything to the litigation. *Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982).

[2] In reviewing a motion to recuse based on bias or prejudice of a judge, "the court shall consider only the legal sufficiency of the facts alleged to ascertain whether or not the facts alleged support the charge of bias." *Grand Entertainment Group, Ltd. v. Arazy*, 676 F. Supp. 616, 618 (E.D. Pa. Oct. 30, 1987). Under 28 U.S.C. § 144, a movant shall file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Movants have not supported any allegations with an affidavit. This Court evaluates "assuming the truth of the facts alleged, a reasonable person would conclude that the judge has a personal bias." *Grand Entertainment Group*, 676 F. Supp. at 618 (citing *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976)); *see also United Staes v. Thompson*, 483 F.2d 527, 529 (3d Cir. 1973) (describing the difference between "personal" and "judicial" bias such that personal bias is "directed against a class"). Considering the lack of facts alleged and that this Court has had no prior personal contact with either Mr. Johnson or Mr. Davis,

It is so **ORDERED.**

                                              **BY THE COURT:**

                                               /s/ Hon. Cynthia M. Rufe

                                              **HON. CYNTHIA M. RUFE, J.**

---

the Court finds that a reasonable person would not conclude this Court has a personal bias. Movants have not provided any documents or references to any past case wherein this Judge has made rulings involving either movant. The only cases movants cite have been before other judges of this Court. The request for recusal is denied.