IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITY OF PHILADELPHIA,<br><br>                 Plaintiff,<br><br>        v.<br><br>DOUG BURGUM, SECRETARY OF THE<br>INTERIOR, *et al.*,<br><br>                 Defendants. | Case No. 26-cv-434 |

## **DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE**

Avenging The Ancestors Coalition (ATAC) and The Black Journey: African-American Walking Tour of Philadelphia (TBJ) have moved to intervene as plaintiffs as of right under Federal Rule of Civil Procedure 24(a)(2) or alternatively for permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). *See* ECF No. 81. But ATAC and TBJ have not satisfied Rule 24's standard for intervention. And allowing them to intervene would unduly delay this proceeding by injecting wholly new claims and issues into this case. The Court should deny intervention.

*First*, ATAC and TBJ fail to satisfy their burden to intervene as of right. To intervene as of right under Rule 24(a)(2), they must show that (1) their motion is timely; (2) they have a sufficient interest in the litigation; (3) the interest may be affected or impaired by the disposition of this case; and (4) the interest is not adequately represented by an existing party. *Aetna Inc. v. Insys Therapeutics, Inc.*, 330 F.R.D. 427, 432 (E.D. Pa. 2019) (Rufe, J.). Even assuming that ATAC and TBJ satisfy the first two factors, their motion fails on the last two.

ATAC and TBJ have not shown that their asserted interest may be affected or impaired by this case. ATAC and TBJ posit that they satisfy this factor because "[e]ven if formal claim or issue prelusion were contested, the precedential effect of an adverse ruling" in this case "would significantly burden [their] ability to vindicate their claims in separate litigation." ECF No. 81-1 at 16. But that is all wrong. ATAC and TBJ are not parties to this case, and the five claims in their proposed complaint (ECF No. 81-2) are entirely different than the claims asserted by the City. That means claim and issue preclusion are not relevant considerations, and no potential adverse ruling (even if ultimately precedential, which would require a decision on appeal to the Third Circuit) would affect ATAC and TBJ's contemplated claims. Because ATAC and TBJ can fully protect their interests by filing a separate case, the affected-or-impaired factor is beyond their reach. *Crespo v. Mars Wrigley Confectionery US, LLC*, No. 23-cv-744, 2024 WL 1585928, at *2 (E.D. Pa. Apr. 11, 2024).[1]

Nor have ATAC and TBJ shown that their asserted interest is not adequately represented by an existing party. As they note (at 17-18), the Third Circuit recognizes a "presumption of adequate representation" in cases where the relevant party is a governmental entity. *See, e.g.*, *United States v. Territory of Virgin Islands*, 748 F.3d 514, 520-21 (3d Cir. 2014); *Com. of Pa. v. Rizzo*, 530 F.2d 501, 505 (3d Cir. 1976). This presumption is "particularly strong when the governmental and private interests closely parallel one another or are nearly identical," and rebutting it requires "a compelling

---

[1]   *See also, e.g.*, *Aetna*, 330 F.R.D. at 434 (movant failed to establish that interest would be affected or impaired because resolution of case would not hinder movant's ability to pursue its claims in separate proceeding).

showing" of inadequacy. *Commonwealth of Pa. v. President of the United States*, 888 F.3d 52, 60 (3d Cir. 2018) (cleaned up).

Here, the City is litigating to achieve the same thing that ATAC and TBJ want to achieve—restoration of the original President's House exhibits. *Cf.* ECF No. 55 (City's opposition to prior intervention motion) at 8 (City arguing that it adequately represented movant's interest because City sought the same relief). ATAC and TBJ have offered no reason to think that the City's representation is somehow insufficient. *See id.* (City arguing that it is "zealously advocating" for its requested relief). And ATAC and TBJ's desire to assert constitutional claims that the City has not asserted does not establish that the City inadequately represents their interest in restoration of the exhibits. Put simply, they have not shown inadequate representation. *See, e.g.*, *Hoots v. Commonwealth of Pa.*, 672 F.2d 1133, 1135 (3d Cir. 1982) (movants failed to show inadequate representation where current litigant sought to achieve exact same outcome).

*Second*, permissive intervention is not warranted because ATAC and TBJ's insertion into this case would unduly delay this proceeding. *Cf.* Fed. R. Civ. P. 24(b)(3) (requiring consideration of "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights"). The Court has previously recognized that this case is time-sensitive and warrants a prompt resolution. *See, e.g.*, ECF No. 60 (Jan. 30, 2026 Hr'g Tr.) at 8:23-9:4. But ATAC and TBJ's proposed complaint (ECF No. 81-2) contains five new claims that are wholly different than the claims asserted by the City. It further adds a challenge to Secretarial Order No. 3431, which the City has not challenged. Adding these claims would prompt further Rule 12 motion practice and delay the resolution of the Government's pending motion to dismiss—and thus delay the

disposition of this case. That prospect strongly weighs against allowing permissive intervention here. *Cf.* ECF No. 55 at 8 (City arguing that permissive intervention by prior movant was inappropriate because addition of entirely distinct claims "would neither add value nor promote efficiency").

*     *     *

ATAC and TBJ have not satisfied their burden to intervene under Federal Rule of Civil Procedure 24. If they want to assert their proposed claims, the appropriate and efficient approach is to file a new lawsuit—which may be designated as related to this case if appropriate. But the Court should deny their motion to intervene.

Dated:  April 15, 2026                                  Respectfully submitted,

BRETT A. SHUMATE                                DAVID METCALF
Assistant Attorney General                        United States Attorney

MICHAEL VELCHIK                              */s/ Gregory B. David*
Senior Counsel to the Assistant              GREGORY B. DAVID
Attorney General                                    Assistant United States Attorney
                                                              Chief, Civil Division

                                                              */s/ Gregory B. in den Berken*
                                                              GREGORY B. IN DEN BERKEN
                                                              Assistant United States Attorney
                                                              Eastern District of Pennsylvania
                                                              615 Chestnut Street, Suite 1250
                                                              Philadelphia, PA 19106
                                                              Phone:   (215) 861-8200
                                                              Email:   gregory.indenberken@usdoj.gov

                                   *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 15, 2026, a true and correct copy of Defendants' Opposition to Motion to Intervene was filed electronically via the Court's CM/ECF system and served via CM/ECF on all counsel of record.

*/s/ Gregory B. in den Berken*
GREGORY B. IN DEN BERKEN