**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CITY OF PHILADELPHIA, <br><br> Plaintiff, <br><br> v. <br><br> DOUG BURGUM, SECRETARY OF THE INTERIOR, et al., <br><br> Defendants. | Civil Action No. 2:26-cv-434 |

**PLAINTIFF THE CITY OF PHILADELPHIA'S MEMORANDUM OF LAW ON INTERNVENOR'S STANDING PURSUANT TO THE COURT'S ORDER TO FILE SUPPLEMENTAL BRIEFING**

Plaintiff the City of Philadelphia (the "City" or "Philadelphia"), by and through its undersigned counsel, hereby files this Memorandum of Law on Intervenors' standing as directed by the Court's Order of May 21, 2026 (ECF No. 99, as amended by ECF No. 103). The City acknowledges the decision of the U.S. Court of Appeals for the Third Circuit in this matter on June 18, 2026, but files this memorandum in compliance with this Court's Order.

**INTRODUCTION**

Proposed Intervenors Avenging The Ancestors Coalition ("ATAC") and The Black Journey: African-American Walking Tour of Philadelphia ("The Black Journey") have standing to intervene as plaintiffs in this matter. The City concurs in the arguments made in Proposed Intervenors' Motion to Intervene and Supplemental Briefing that they clear both the constitutional minimum for standing and prudential standing considerations. (ECF Nos. 81, 102). The City writes separately in compliance with this Court's Order to briefly address two points. First, Proposed Intervenors bring different claims and seek different relief than the City. They

should be permitted to press their claims. Second, the recent decision of the U.S. District Court for the District of Massachusetts against these same Defendants and concerning overlapping issues is instructive, and this Court should consider it for its persuasive value. For the reasons discussed in that opinion, Proposed Intervenors have standing.

## PROPOSED INTERVENORS HAVE STANDING TO SEEK RELIEF DISTINCT FROM THAT OF THE CITY

Proposed Intervenors seek relief that is different from that sought by the City. Proposed Intervenors ask this Court to enjoin Defendants from enforcing or implementing Executive Order 14253 and Secretarial Order No. 3431 in addition to seeking restoration of the site, while the City did not. *Compare* Proposed Intervenors' Complaint, Prayer for Relief, ECF No. 81-2 at 61 *with* City Am. Compl., Prayer for Relief, ECF No. 44 at 29. They also have standing to seek that relief for the reasons articulated in their Motion to Intervene, supporting memorandum, and supplemental briefing.

Here, Proposed Intervenors demonstrate standing through their distinct alleged harms and legal arguments and should be permitted to intervene.

## THIS COURT SHOULD CONSIDER THE DECISION OF THE MASSACHUSETTS DISTRICT COURT FOR ITS PERSUASIVE VALUE

Defendants are parties in another case in which different plaintiffs—similar to Proposed Intervenors here—mount a broader challenge to the Executive Order and Secretarial Order, captioned *National Parks Conservation Association v. United States Department of the Interior*, No. 1:26-cv-10877-AK (D. Mass.). In that case, Defendants moved to dismiss the complaint and opposed a motion for a stay of the administrative action on various grounds, including an argument that the organizational plaintiffs lack standing. The Massachusetts court denied defendants' motion to dismiss and granted plaintiff's motion for a stay pursuant to 5 U.S.C. §

705. *See Nat'l Parks Conserv. Ass'n*, 2026 WL 1601790 (D. Mass. June 4, 2026) (ECF No. 37, order and opinion denying motion to dismiss ("Motion to Dismiss Order")) & 2026 WL 1706963 (D. Mass. June 12, 2026), *appeal filed*, No. 26-1714 (1st Cir. June 15, 2026) (ECF No. 41, order and opinion granting request for APA stay).[1] There, plaintiffs seek restoration of all NPS sites that were altered pursuant to the Secretarial Order. (*Id.*, ECF No. 28, amended complaint). The court granted plaintiffs' motion for a stay pursuant to the APA, ordering Defendants to restore the NPS sites that had been altered pursuant to that Order. (*Id.*, ECF No. 41 at 62-63). The court also thoroughly addressed plaintiff organizations' standing in its order and opinion denying the motion to dismiss. Motion to Dismiss Order, 2026 WL 1601790.

The Massachusetts court explained that an organization may demonstrate injury-in-fact by alleging that a defendant's actions "have caused an injury to the organization's activities that is more than simply a setback to the organization's abstract social interests." *Id.* at *4 (citation and quotation omitted). That is "not a demanding standard," as "only a perceptible impairment of an organization's activities is necessary for there to be an injury in fact." *Id.* (citation and quotation omitted). *See also Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d Cir. 2005) (explaining that "an organization" established standing when the challenged activity "perceptibly impaired [its] ability to" perform its mission and resulted in a "drain on the organization's resources" (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)). The Massachusetts court explained that plaintiffs there established standing because they had "historically hosted site visits, educational programming, and events at park sites" and that, "[b]ecause of the removal of interpretative materials related to these topics, it is plausible

---

[1] On June 18, 2026, Defendants filed an emergency motion for a stay pending appeal in the First Circuit Court of Appeals. Plaintiffs' response is due today by 5:00 pm.

that [plaintiff] can no longer host these events at the sites without sacrificing the quality of the programming." Motion to Dismiss Order, 2016 WL 1601790 at *5.

Proposed Intervenors' claimed injury is even more specific. ATAC alleges that it undertakes "efforts to preserve, protect, and expand recognition of the enslaved people memorialized at the President's House site" and that it "must now divert its limited resources" due to the removal of the exhibits. Prop. Interv. Suppl. Br. at 4, ECF No. 102. Likewise, The Black Journey holds tours at President's House and the removal of the exhibits has "necessitat[ed] tour stoppages, additional paid training of tour guides to discuss the removal, and modification of its audio and live tours." *Id.* Moreover, ATAC has held gatherings "annually at the site on dates significant to the history of slavery and freedom associated with the site" and to "commemorate the site's establishment." *Id.* at 5. These injuries easily clear the low bar of perceptible impairment of the organizations' activities. *See also Nat'l Parks Conserv. Ass'n*, 2026 WL 1601790 at *5 (recognizing standing when "a plaintiff is compelled to divert resources to counteract the effects of a government action on its existing operations and members").

Proposed Intervenors also have associational standing to bring claims on behalf of their members. *See* ECF No. 102 at 6-9. Again, the decision of the Massachusetts District Court is instructive. There, the court found that a member of a plaintiff organization would have standing to sue in her own right because the action "jeopardize[d] her ability to continue using park sites to educate her homeschooled children on topics such as science and history." *Nat'l Parks Conserv. Ass'n*, 2026 WL 1601790 at *6. That injury was sufficiently "concrete and particularized" (though that was not contested by defendants) and "imminent" (which was contested by defendants) because the individual "ha[d] visited at least 66 park sites, and that these visits are a regular and significant part of her parenting method and lifestyle." *Id.* at *7. The

individual also "allege[d] specific plans to take her children to visit various park sites . . . where signs ha[d] been flagged for removal." *Id.*

Here, ATAC member (and founder) Michael Coard states that he has visited President's House "on a daily or weekly basis since its opening." Coard Decl., ECF No 81-3, ¶ 53. The removal of the exhibits is "deeply upsetting and feels dehumanizing." *Id.* The destruction of a shared experience and collective history is particularly dehumanizing because the "slave trade shattered familial bonds and the ties that people of African descent had with their homeland, culture, and history." *Id.*, ¶ 54. The site "was the sole place in the National Park System that acknowledged the presence of enslaved people held in bondage at the hands of our nation's first president." *Id.*, ¶ 55. As a member, Mr. Coard, "advocated for creation of the site; provided critical historical research informing its design; participated as a stakeholder in the design selection process; relied on use of the site to educate the public; regularly visits the site; and advocated against the memorial and exhibit's removal in the wake of the Executive Order and the Secretarial Order . . ." *Id.*, ¶ 58. In Proposed Intervenors' Complaint, they allege that "ATAC's members regularly visit, use and engage with the [President's House site]" and have suffered "significant dignitary harms." ECF No. 81-2, ¶¶ 153, 155.  The removal is "degrading, distressing, and dehumanizing." *Id.*, ¶ 158. Nor can members "honor [their] ancestors" in their chosen method as they did before removal. *Id.*, ¶ 159.

These harms are similar to those alleged by the individual in *National Parks Conservation Association*—both groups of members use the sites for educational purposes and regularly visit them—and more than sufficient to establish standing for members of ATAC, conveying associational standing to the organization.

*     *     *

- 5 -

The City of Philadelphia concurs in the arguments raised by Proposed Intervenors in their Motion to Intervene and their Supplemental Brief on standing. Proposed Intervenors also have standing for the reasons that the Massachusetts District Court thoughtfully concluded that plaintiffs in that case had standing. Proposed Intervenors visit the site regularly and used it for educational purposes, which was a core aspect of their missions before the removal of the exhibits. The harm to the organizations is more than "perceptible impairment" to their missions and operations, and the harm to the individual members is even more acute and personal. The Court should consider that decision for is persuasive value and hold that Proposed Intervenors have standing.

Respectfully submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: June 22, 2026         BY:   */s/ Ryan B. Smith*
                                  Renee Garcia, City Solicitor
                                  Anne Taylor, Chair | Litigation
                                  Lydia Furst, Chief Deputy City Solicitor
                                  Ryan B. Smith, Divisional Deputy City Solicitor
                                  Bailey Axe, Deputy City Solicitor
                                  City of Philadelphia Law Department
                                  1515 Arch Street, 15th Floor
                                  Philadelphia, PA 19102
                                  (215) 683-5024
                                  Ryan.Smith@phila.gov

                                  *Attorneys for Plaintiff the City of Philadelphia*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CITY OF PHILADELPHIA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DOUG BURGUM, SECRETARY OF THE INTERIOR, et al.,**<br><br>**Defendants.** | **Civil Action No. 2:26-cv-434** |

## CERTIFICATE OF SERVICE

I, Ryan B. Smith, do hereby certify that a true and correct copy of the foregoing Supplemental Brief on the Proposed Intervenor's Standing was filed via the Court's electronic filing system and is available for downloading.

Date: June 22, 2026            BY:    */s/ Ryan B. Smith*
                                      Ryan B. Smith, Divisional Deputy City Solicitor
                                      City of Philadelphia Law Department
                                      1515 Arch Street, 15th Floor
                                      Philadelphia, PA 19102
                                      (215) 683-5024
                                      Ryan.Smith@phila.gov

                                      *Attorney for Plaintiff the City of Philadelphia*