**U.S. Department of Justice**

United States Attorney
Eastern District of Pennsylvania

**Gregory B. in den Berken**
Assistant United States Attorney
Phone: (215) 861-8505
Fax: (215) 861-8618
Email: gregory.indenberken@usdoj.gov

615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-4476
(215) 861-8200

September 14, 2026

**VIA CM/ECF**
The Honorable Cynthia M. Rufe
United States District Court
for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 12614
Philadelphia, PA 19106

Re: *City of Philadelphia v. Burgum*, No. 26-cv-434

Dear Judge Rufe:

I write on behalf of Defendants (the Government) in the above-referenced case to provide their "positions on the status of this action, including regarding the remaining Count I, Defendants' Motion to Dismiss, the mandate and opinion of the Third Circuit Court of Appeals, and any potential amendment of the City's complaint." ECF No. 110.

**Status of this case and Count I.** This case is ripe for disposition—and that disposition must be dismissal. All that remains of the City's claims is Count I, and this Court already observed that Count I "undeniably sounds in contract" and that the Tucker Act "impliedly forbids the City from obtaining relief" on that claim. ECF No. 53 at 24. Thus, as further detailed in the Government's motion to dismiss, Count I must be dismissed for lack of subject-matter jurisdiction. *See* ECF Nos. 82, 98, 106.

The Third Circuit's opinion further supports dismissal. To be sure, because this Court had not yet entered an order disposing of Count I, the Third Circuit lacked jurisdiction to adjudicate that count in the interlocutory appeal. *City of Philadelphia v. Sec'y U.S. Dep't of Interior*, 179 F.4th 169, 177 n.5 (3d Cir. 2026). But the Third Circuit nevertheless rejected the contractual theories underlying Count I while resolving the issues properly before it. The court held that 16 U.S.C. § 407n's mutual-agreement requirement does not apply to the President's House; that the 1950 Agreement imposes no relevant obligations on NPS with respect to the President's House; and that the 2006 Cooperative Agreement, as amended, expired in 2010 and does not require NPS to display the original exhibits indefinitely. *Id.* at 180-83. The Third Circuit further cautioned that the City's standing should not be mistaken for a conclusion that "the City's underlying statutory and contract claims have merit. They do not." *Id.* at 183. And it emphasized that "the City does not have any statutory, property, or contractual rights that empower it to curate the exhibits in the

President's House"—and directed this Court to "*dispose of Count I* consistent with this opinion." *Id.* at 186 (emphasis added).

So this Court's prior Tucker Act determination requires dismissal of Count I for lack of subject-matter jurisdiction. And the Third Circuit's opinion forecloses the substantive theories underlying Count I, which would separately require dismissal or entry of judgment on Count I even if there were jurisdiction. The Court must thus dismiss Count I.

**Potential amendment of the City's complaint.** At the August 31 status conference, the City noted that it had not ruled out seeking leave to amend its complaint. But the City has not moved for leave to amend, submitted a proposed amended complaint, or otherwise identified the claims or allegations that it might seek to add. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) (explaining that, outside the civil-rights context, requesting leave to amend requires submission of a proposed amended complaint). The Government reserves its arguments about any motion for leave to amend that the City may file, but there is no such motion at this time. Moreover, any amendment seeking to repackage the City's asserted rights regarding the President's House under § 407n, the 1950 Agreement, or the 2006 Cooperative Agreement and its amendments would be foreclosed by the Third Circuit's opinion.

The Court should thus dismiss Count I, deny all other pending motions as moot, and direct the Clerk of Court to close this case.

Respectfully submitted,

DAVID METCALF
United States Attorney

GREGORY B. DAVID
Chief, Civil Division
Assistant United States Attorney

*/s/ Gregory B. in den Berken*
GREGORY B. IN DEN BERKEN
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8505
Email: gregory.indenberken@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2026, I filed this Letter using the Court's CM/ECF system and thus served the filing on all counsel of record via CM/ECF.

*/s/ Gregory B. in den Berken*
GREGORY B. IN DEN BERKEN