**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CITY OF PHILADELPHIA**<br>**Plaintiff,**<br>**v.**<br>**DOUG BURGUM, *et al.*,**<br>**Defendants.** | **CIVIL ACTION NO. 26-434** |

**ORDER**

Plaintiff City of Philadelphia filed a five-count Amended Complaint against Defendants on February 6, 2026 [Doc. No. 44]. On July 6, 2026, the Third Circuit entered a Mandate and Opinion vacating this Court's Preliminary Injunction and directing the Court to dismiss Counts II through V of the Complaint and to dispose of Count I consistent with the Opinion [Doc. No. 108]. The Third Circuit did not assume jurisdiction to adjudicate Count I because this Court has not issued a ruling as to that claim.[1]

In accordance with the Mandate, the Court dismissed Counts II through V of the Complaint and now turns to Count I. [Doc. No. 109]. Following a status conference with the Parties, the Court ordered Plaintiff and Defendants to each file a letter brief stating their positions on the status of the remaining count [Doc. No. 110]. On September 14, 2026, Plaintiff and Defendants each filed letters in response to the Court's Order [Doc. Nos. 113, 114].

The Parties agree that Defendants' Motion to Dismiss [Doc. No. 82] remains pending as to Count I only. Defendants take the position that Count I should be dismissed for lack of jurisdiction and that the Third Circuit's Opinion forecloses its underlying substantive theories,

[1] *City of Philadelphia v. Sec'y U.S. Dept. of Interior*, 179 F.4th 169, 177 n.5 (3d Cir. 2026).

while Plaintiff argues that Defendants' Motion to Dismiss should be denied in light of recent Ninth Circuit decisional law. Plaintiff also stated during the status conference and confirmed in its letter that it is considering filing a motion to amend its complaint. Defendants reserve argument about any such motion.

The Court will allow the Parties to be fully heard on the matter and thus will grant Plaintiff the opportunity to seek leave to file a second amended complaint within a limited time should it choose to do so. The Court does not now grant Plaintiff leave to amend the complaint, but will set a deadline for Plaintiff to seek such leave. The Court will defer ruling on Defendants' Motion to Dismiss and the pending Motion to Intervene of Avenging the Ancestors Coalition and The Black Journey [Doc. No. 81] until such time as that deadline has passed.

**AND NOW,** this 22nd day of September 2026, upon consideration of the Court's August 31, 2026 status conference with the Parties, Defendants' September 14, 2026 Position Letter [Doc. No. 113], and Plaintiff's September 14, 2026 Position Letter [Doc. No. 114], it is hereby **ORDERED** that the City of Philadelphia may file a motion seeking the Court's leave to amend its complaint on or before **October 23, 2026**.

It is so **ORDERED.**

**BY THE COURT:**

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**