**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CITY OF PHILADELPHIA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DOUG BURGUM, SECRETARY OF THE INTERIOR, et al.,**<br><br>**Defendants.** | **Civil Action No. 2:26-cv-434** |

**MEMORANDUM IN SUPPORT OF THE CITY OF PHILADELPHIA'S**
**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

## I. INTRODUCTION

The City of Philadelphia filed this litigation on January 22, 2026, and filed an amended complaint within a week of the hearing on the City's Motion for Preliminary Injunction. The City brought five claims in that amended complaint: that the National Park Service (NPS) breached the parties' agreements (Count I); acted arbitrarily and capriciously in violation of the National Underground Network to Freedom Act (Count II) and 16 U.S.C. §§ 407m and 407n (Count III); failed to explain its departure from the 2017 Foundation Document (Count IV); and acted *ultra vires* (Count V). (ECF No. 44.)

After this Court granted the injunction on the basis of the four Administrative Procedure Act ("APA") claims (Counts II through V), the parties presented briefing and argument to a panel on the Third Circuit Court of Appeals. The panel vacated the injunction and, though it found the City had Article III standing, remanded with instructions to dismiss the Amended Complaint's APA claims for lack of jurisdiction. *See* Mandate (3d Cir. Jun. 18, 2026) (ECF No. 108). The

panel held the APA barred review of the City's claims for two independent, threshold grounds. *See* Opinion at 26-33 (3d. Cir. Jun. 18, 2026) (ECF No. 108-1). First, the panel concluded that NPS's removal of the exhibit was not "agency action" as defined in 5 U.S.C. § 551(13). *Id*. at 28. The panel reasoned that the removal did not fit any of the APA's enumerated categories of actions – "rule, order license, sanction, [or] relief" – and was not "equivalent" to any of those actions either. *Id.* Second, the panel held that the removal was not "final" agency action under the two-part test of *Bennett v. Spear*, 520 U.S. 154 (1997), which requires that the action both (1) "mark the consummation of the agency's decisionmaking process" and (2) be "one by which rights or obligations have been determined or from which legal consequences will flow." *Id*. at 28-33. The panel did not question that the NPS's removal – when performed – met this test. But it concluded that "developments" after the removal showed it was not the "consummation" of NPS's decisionmaking. *Id.* at 28. As for the second prong of the *Bennett v. Spear* test, the panel determined that the City "does not have any statutory, property, or contractual rights that empower it to curate the exhibits in the President's House" such that its claim that NPS violated an obligation under 407n to only make changes by mutual agreement does not involve the City's legal rights or obligations, and that the Foundation Document, the subject of Count IV, does not place legal obligations on the NPS such that the City could force conformance therewith. *Id.* at 32-33.

The City moved for reconsideration of the panel's decision to grant the Defendants' application for issuance of its mandate without having heard argument from the City, and further sought rehearing *en banc*. Both applications were denied, in part or in whole. Upon issuance of the mandate, this Court entered judgment on Counts II-V as instructed, and a motion to dismiss

the remaining count of the Amended Complaint is fully briefed and pending before the Court. (*See* ECF Nos. 109, 115.)

The City now moves for leave to file a Second Amended Complaint, submitted herewith as **Exhibit A**, by which pleading it cures the jurisdictional deficiencies found to be fatal to its First Amended Complaint. The City seeks to challenge the issuance and implementation of the Secretary's Order as final agency action contrary to the myriad of statutory mandates that Congress has laid upon the National Park Service. Such claims have already been found viable by another court, *National Parks Conservation Association v. U.S. Dep't of the Interior*, No. 26-10877, 2026 WL 1601790 (D. Mass. June 4, 2026), a decision which should guide this Court's consideration of the City's proposed second amended pleading.

## II. STANDARD

"A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Rule 15(a)(2), in turn, provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Amendment "would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

"A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Krantz v. Prudential Investments Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir. 1998)). Stated differently, "[w]here a plaintiff fails to identify additional facts or legal theories he would assert or otherwise specify how amendment would cure the pleading deficiencies in a manner which would survive dismissal, leave to amend is rightfully denied." *Taggart v. United States Dep't of Justice*, No. 16-4040, 2017 WL 1862324, at *6 (E.D. Pa. May 9, 2017) (citing *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000)) (additional citations omitted).

## III. ARGUMENT

The Court should grant the City of Philadelphia's motion for leave to amend for two reasons: (1) the City has not been dilatory in seeking to amend its complaint and (2) the proposed amendment is not futile. The City addresses these issues in turn.

First, as to timing. "An APA plaintiff does not have a complete and present cause of action until she suffers an injury from final agency action, so the statute of limitations does not begin to run until she is injured." *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 603 U.S. 799, 809 (2024). Civil actions filed under the APA are subject to a six-year statute of limitations, the time for which begins to run when the agency action is final for purposes of Section 704 of the APA. *See id.* at 825. The Secretary's Order challenged by way of the Second Amended Complaint issued in 2025, and its implementation at the President's House was completed in July 2026. The City's Second Amended Complaint brings claims well within the applicable six year statute of limitations, and does so shortly after the preliminary injunction resting upon the allegations and claims of the first amended complaint was litigated through an

appellate process. The City has not been dilatory, the Defendants are not prejudiced by the filing of the Second Amended Complaint, and these factors weigh in favor of granting the City leave to file its Second Amended Complaint.

Second, as to futility. The City expects that Defendants will protest the City's proposed Second Amended Complaint is an exercise in futility such that the Court should not grant the leave to amend that is otherwise to be "freely given" under the applicable rule. Defendants are wrong. As detailed in its Second Amended Complaint, the City seeks to challenge the Secretary's Order, the contents and implementation of which fail to conform to the extensive statutory obligations that Congress has imposed upon the National Park Service. These amended claims cure the jurisdictional defects identified by the panel in its opinion vacating the preliminary injunction and remanding the matter to this Court, notably that the removal of the President's House panels was not agency action, and that the subsequent development of replacement panels demonstrated it was not final. By contrast, another court has already concluded that "the Secretary's Order is a final agency action." *National Parks Conservation Ass'n*, 2026 WL 1601790, at *9 (D. Mass. June 4, 2026). Indeed, the federal government itself, in seeking a stay of an injunction before the District of Massachusetts, cited the President's House case as an example of what might constitute a final agency action. Fed. Defs.' Mot. to Stay at 16, *Nat'l Parks Conservation Ass'n v. U.S. Dep't of the Interior*, No. 26-10877 (D. Mass. Apr. 8, 2026), attached hereto as **Exhibit B**. The City respectfully suggests that this Court's analysis should be guided by that of the United States District Court for the District of Massachusetts, and find that the City's proposed amendment is not futile, but instead states claims on which, if proven, relief could be granted.

## IV. CONCLUSION

Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend should be freely given when justice so requires. The City submits that it more than meets the standard for doing so, and respectfully request that leave be granted and its Second Amended Complaint be deemed filed.

Respectfully submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: October 23, 2026

*/s/ Ryan B. Smith*

Monique Myatt Galloway, Acting City Solicitor
Anne Taylor, Chair | Litigation
Lydia Furst, Chief Deputy City Solicitor
Ryan B. Smith, Divisional Deputy City Solicitor
Bailey Axe, Senior Attorney
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 410-8264
Ryan.Smith@phila.gov

*Attorneys for Plaintiff City of Philadelphia*